JACOB HART v. THE NEW ORLEANS AND CARROLLTON RAIL ROAD COMPANY.

A corporation cannot offer its stockholders as witnesses, though the opposite party may; but when once admitted they may be cross-examined, and give evidence in favor as well as against their interests, on the points to which they were called to testify.

In a suit against a corporation the individual stockholders are not cited, but only those agents or officers whom the law designates as managers of its affairs; such stockholders do not occupy the position of actual defendants, who must be interrogated on facts and articles, but may be summoned by the opposite party as witnesses to testify against their interest.

In an action for damage to plaintiff's carriage by an omnibus belonging to the defendants, it is not necessary that the plaintiff should prove a legal title in the defendants to the omnibus; prima facie evidence of title, such as public reputation, will be sufficient, and for this purpose, a witness may be asked whether the defendants were not generally reputed to be its owners. It will be for the latter to show that they were not.

A party will be responsible for damage occasioned by negligence or want of skill in a driver, or by the vicious temper of his horses, where the latter belonged to him, or the former was in his employment.

The responsibility of a master or employer for the acts of his agents or servants, is not limited to cases where he is present and did not attempt to prevent the act complained of.

. APPEAL by the defendants from a judgment of the District Court of the first district, *Buchanan*, J.

. *Roselius*, for the plaintiff.

*T. Slidell*, for the appellees, contended : I. That there was no proof that the defendants were owners of the omnibus, or employers of the driver.   II. That responsibility only attaches where the employer might have prevented the damage and did not do so. *Strawbridge* v, *Turner*, &c,, 8 La., 537.   III. That an employer

is never liable for a wanton and malicious act of his agent. *Gaillardet* v. *Demaries*, 18 La., 490.

GARLAND, J. This action is brought to recover $850 as damages, caused by the driver of an omnibus, alleged to be the property of the defendants, negligently running it against a carriage belonging to the plaintiff, which was standing as close to the side-walk as it could be placed, in one of the most public streets of the city of New Orleans; whereby the carriage was broken to pieces, and nearly or entirely destroyed, and rendered useless.

The evidence satisfies us that it was an act of gross negligence; the jury gave $800 damages; and we should not hesitate to affirm the judgment rendered on the verdict, if the evidence had made it probable that the omnibus was the property of the defendants. On that point the testimony does not satisfy us, and we are constrained to set aside the verdict of the jury, and remand the case for a new trial. The only evidence of property was the testimony of one witness, who says that he ' saw the omnibus going along with the name of Carrollton written on it.' We cannot agree with the jury that this is sufficient or probable evidence of property in the defendants.

On the trial, the plaintiff offered Thomas Barrett as a witness, to prove that the defendants were the owners of the omnibus in question, to whom objection was made by their counsel, on the ground that he was incompetent, being a stockholder in the company, and that he could not be interrogated except on facts and articles, which objection was sustained by the court, and the person so offered as a witness rejected; to which opinion the plaintiff took his bill of exceptions. In this we think the judge erred. A corporation cannot offer its stockholders as witnesses in its own behalf, but a party litigating with it may offer them as such, if he chooses to rely upon their statements, and they should be received. They are persons testifying against their own interest, but do not occupy the position of actual defendants, who must be interrogated on facts and articles. In a suit against a corporation all the individuals owning the stock are not cited, but only those agents and officers whom the law designates to manage its affairs; the stockholders may therefore be called on as witnesses, and when once admitted, they may be cross-examined, and give evidence in favor of as well as against their

interests, on those points as to which they are called to testify. Our opinion on this portion of the bill of exceptions makes it unnecessary to decide upon the other parts of it, which relate to the refusal of the judge to permit the plaintiff to amend his petition, and to propound interrogatories to Barrett.

The plaintiff then asked A. E. Crane, if it was not within his knowledge at the time the damage was done, that the defendants were generally reputed and known as the owners of the omnibus in question, and whether it was a matter of public notoriety. To these questions the defendants objected, on the ground that it was hearsay testimony. The objection was sustained, and the plaintiff again excepted. We think the judge again erred in rejecting this testimony. It was not necessary that the plaintiff should prove a legal title to the omnibus in the defendants, but only make out a *prima facie* right; and it would then rest with them to satisfy the jury that public reputation was wrong, or to show, what would not be very difficult in a case of this kind, that the omnibus belonged to some other corporation, company, or individual.

At the time of the trial, the defendants requested the judge to charge the jury, that it should be made appear that the person driving the omnibus was in the employment of the defendants, and that they were not responsible for the acts of a driver employed by a lessee. This the judge refused, and under the pleadings and evidence before us, we think he did not err. The answer is a general denial, and it is not pretended that the omnibus had been leased or hired to any one. If the case stated had been before the court, the refusal of the judge to charge the jury as desired, might have been erroneous; but as it stands upon the record he was correct.

The defendants further asked the judge to charge the jury, that a principal is not answerable for the wanton and malicious acts of his agent, which he refused to do. How far we might be disposed to assent to this as a general proposition, it is not necessary now to decide; but upon the case before us, the judge was not in error. There is no allegation in the petition that the act was wanton and malicious, nor is any attempt made to prove it; but that the damage was caused by the negligence, or want of skill in the driver, or the vicious temper of the horses, for which the defendants are

responsible, if the horses belonged to them or the driver was in their service. The counsel for the defendants has seized upon a single expression in the opinion of the court in the case of *Gaillardet* v. *Demaries*, 18 La., 490, to sustain his position, without endeavoring to distinguish the facts and outlines of the case from the one before us.

The defendants also asked the judge to charge the jury, ' that responsibility only attaches, when the master or employer might have prevented the act which caused the damage, and have not done it.' This the judge refused, and we do not think that he erred. The counsel has asked that a part of the article 2299 of the Code be declared to be law, without taking into consideration the sense and meaning of the whole of it. If the law were such as is alleged, a master or employer could never be made responsible for the acts of his agents or servants, unless he were present and did not endeavor to prevent the act which caused the damage.

In conclusion, we cannot forbear repeating, that if the evidence of ownership of the omnibus by the defendants were rendered probable, we should certainly affirm the judgment, as it is necessary to let the owners and drivers of public and private carriages, and other vehicles know that they cannot with impunity violate the law, and endanger the lives and property of the people quietly passing along the public streets and highways. If the municipal authorities will not use the preventive means under their control, the citizen will hereafter know that the courts of the state are open for redress in cases of actual damage, and that those who administer the law are sensible that a serious evil must be repressed, and are ready to use the power vested in them to effect it.

The judgment of the district court is therefore reversed, the verdict of the jury set aside, and the case remanded for a new trial, with instructions to the judge to admit the testimony of Thomas Barrett and A. E. Crane, and not to give the charge to the jury asked by the defendants, and heretofore refused, and in other respects to proceed according to law ; the plaintiff paying the costs of this appeal.