WILLIAM H. BAKER *vs.* BENJAMIN W. WENTWORTH.

Suffolk. November 16, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Assumpsit — Professional Services — Evidence.*

In an action for professional services rendered in performing a surgical operation upon the defendant's wife, on the issue whether the plaintiff was responsible for the negligence of the nurses in the hospital where the patient was attended after the operation, it is competent to show that the plaintiff was not the proprietor or manager of the hospital, but that it was in charge of a sisterhood; and it is immaterial that the patient supposed it to be the plaintiff's private hospital, neither the plaintiff nor any one acting for him ever having made any representation to that effect.

In an action to recover for professional services as a physician, another physician was asked, as bearing on the question of the reasonableness of the plaintiff's charge, whether he knew the plaintiff's standing as a physician, but it did not appear that the witness testified in regard to it, and at the close of the evidence the defendant's counsel admitted the reasonableness of the plaintiff's charge if he used proper care and skill. *Held,* that the defendant had no ground of exception.

CONTRACT for medical and surgical attendance in performing two operations upon the defendant's wife. Trial in the Superior Court, before *Lathrop,* J., who allowed a bill of exceptions, which, so far as material to the points decided, is as follows.

The defendant set up in defence that the operations were not performed nor his wife treated with proper care and skill, and also that the nurses at the hospital where the operations were performed were negligent and careless in their treatment of the defendant's wife.

The plaintiff testified that the defendant's wife came to him for medical treatment and advice, and that he advised her to have the operations performed, and to go to St. Margaret's Hospital for that purpose. There was evidence that the defendant's wife thereupon placed herself under the plaintiff's charge, and, pursuant to his advice, went to that hospital and there saw the plaintiff and one Sister Gertrude, the head nurse at the same; and that the defendant's wife did not know that other doctors sent patients there, but supposed that it was the plaintiff's private hospital. There was no evidence that the plaintiff or any one acting for him represented to the defendant or his wife that St. Margaret's Hospital was a private hospital of the plaintiff.

On the question of the plaintiff's responsibility for negligence of the hospital nurses, the plaintiff asked a witness called by him, one Dr. Davenport, in whose general charge the hospital was, whether other physicians sent patients there; and also, on the question of the reasonableness of the plaintiff's charge, what his standing was as a physician. The defendant objected to these questions, unless it could be shown that the defendant knew these facts; but the judge admitted the questions, and the defendant excepted.

The plaintiff also asked Sister Gertrude, who was called as a witness by him, what sisterhood had the hospital in charge, who had charge of the nurses and patients there, and whether the

plaintiff had anything to do with the selection of nurses. The judge, against the defendant's objection, permitted the witness to answer that the nursing at the hospital was in charge of the Sisterhood of St. Margaret; that patients were under the supervision of the mother superior; that Dr. Baker had nothing to do with the selection of nurses; and that different physicians in the city were in the habit of sending patients there.

The questions of the negligence of the plaintiff, and of his responsibility for negligence of the hospital nurses, were submitted to the jury, under instructions to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*C. M. Barnes*, for the plaintiff.

KNOWLTON, J. The only exceptions taken in this case relate to the admission of evidence. One of the issues was, whether the plaintiff was responsible for the negligence of nurses in the hospital where the defendant's wife was attended after the surgical operations were performed upon her. As bearing on this question, it was competent to show that the plaintiff was not the proprietor or manager of the hospital, and that it was in charge of the Sisterhood of St. Margaret. The testimony of Dr. Davenport and of Sister Gertrude was rightly admitted for this purpose.

It was immaterial that the defendant's wife supposed it to be the plaintiff's private hospital, inasmuch as neither the plaintiff nor any one acting for him ever made any representation to that effect.

The testimony of Dr. Davenport, that he knew the standing of the plaintiff as a physician, seems to have been merely preliminary to something else, and it does not appear that he gave any testimony on this subject which could have affected the plaintiff in any way. Whether it would have been competent to show what the plaintiff's standing was on the question whether his charge was reasonable, it is unnecessary to decide. It is enough that it does not appear that the witness testified in regard to it, to say nothing of the fact that at the close of the evidence the defendant's counsel admitted the reasonableness of the charge if the plaintiff used proper care and skill.

*Exceptions overruled.*