## FAWCETT v. RYDER.

### (135 N. W. 800.)

In an action for negligently placing plaintiff, a patient of the defendant physician, upon or subject to contact with a hot-water bottle, causing injury to plaintiff by burning, and while plaintiff was unconscious after an operation upon him for appendicitis, it is *held:*

---

Note. — Where liability for negligence cannot be avoided upon the ground that the hospital or sanitarium in question is a purely charitable institution (in which case it is generally held that it is not liable, as shown by authorities reviewed in notes in 23 L.R.A. 200; 7 L.R.A.(N.S.) 481; 10 L.R.A.(N.S.) 74; 22 L.R.A.(N.S.) 486), the liability of the proprietor of such hospital or sanitarium for the negligence of nurses or attendants rests upon the general doctrine that the master is responsible for the torts of his servant in the scope of his employment. See Galesburg Sanitarium v. Jacobson, 103 Ill. App. 26; Stanley v. Schumpert, 117 La. 255, 6 L.R.A.(N.S.) 306, 116 Am. St. Rep. 202, 41 So. 565, 8 Ann. Cas. 1044. So, too, the liability of the proprietor of a private institution of this character for the negligence of physicians employed has been upheld. Brown v. La Societe Francaise,

**Hospitals — negligence — question for jury.**

1. The question of negligence was for the jury to determine under all the evidence.

**Hospitals — negligence of nurse — liability.**

2. The negligent acts of the nurses, defendant's employees in a private hospital run for profit in connection with the practice of medicine and surgery, by a physician and surgeon as owner and proprietor thereof, renders the physician hospital owner liable as a master for acts of servant nurses resulting in injury to a patient who has for hire intrusted himself to defendant for professional treatment and hospital nursing.

**Evidence — sufficiency to support verdict.**

3. Evidence is sufficient to sustain the jury's finding that plaintiff was injured by coming in contact with a hot-water bag through the negligence of defendant.

**Trial — instructions — duty to give in order requested.**

4. Section 7021, Rev. Codes 1905, providing that written requested instructions shall be indorsed by the court as given or refused, and then so given or refused without modification except by consent of counsel, does not require the court to give a long series of requested instructions in the order as requested; nor does the statute prevent the court from instructing upon the theory of the opponent's case in connection with each separate requested instruction, as to the subject-matter of each request, that both sides of the case may be covered without repetition, when all matter embraced in requests is covered by instructions formulated by the court, or when the requested instructions are given in terms as requested.

**Trial — instructions — refusal.**

5. Certain requested instructions were properly refused.

**Appeal — failure to except to instructions.**

C. Certain assignments on instructions not considered, because not based on any exceptions taken and filed to the oral charge given and within the statutory twenty-day period therefor.

**Trial — motion for directed verdict — conflict in evidence.**

7. Motion for directed verdict for defendant made at the close of the case was properly denied, as substantial conflict existed in the evidence carrying the issues to the jury for determination.

Opinion filed March 15, 1912.

138 Cal. 475, 71 Pac. 516; Sawdey v. Spokane Falls & N. R. Co. 30 Wash. 349, 94 Am. St. Rep. 880, 70 Pac. 972.

But the fact that a public charitable hospital receives pay from a patient for lodging and care does not affect its character as a "charitable institution" nor its rights or liabilities as such in relation to a patient. Taylor v. Protestant Hospital Asso. 85 Ohio St. 90, 39 L.R.A. (N.S.) 427, 96 N. E. 1089.

Appeal by defendant from a judgment of the District Court for Dickey County, *Allen, J.,* in plaintiff's favor in an action brought to recover damages for personal injuries.

Affirmed.

*Ball, Watons, Young, & Lawrence,* and *E. T. Conmy,* for appellant.

*W. S. Lauder* and *Jas. M. Austin,* for respondent.

Goss, J. This action is brought to recover damages for personal injuries received by plaintiff while in defendant's hospital. The complaint charges negligence in four particulars: (1) That plaintiff was by defendant placed in a bed wherein a bottle of hot water was negligently, carelessly, and wrongfully left by defendant, resulting in plaintiff's injury. (2) That plaintiff was by defendant laid upon said bottle of hot water so that the same came in close contact with plaintiff to plaintiff's injury described. (3) That plaintiff's back was burned by reason of the carelessness and negligence of the defendant in not removing or causing to be removed from the bed said bottle of hot water before placing plaintiff therein. (4) That plaintiff's back was burned by reason of the carelessness and negligence of the defendant in not placing said bottle of hot water in such position in said bed that the same would not come in contact with the body of the plaintiff, and that by coming in contact therewith plaintiff was burned. The negligence charged then is summarized in brief into (a) the placing plaintiff in bed with the hot-water bottle; (b) laying plaintiff on said bottle; (c) (the equivalent of the first) in leaving the water bottle in the bed with plaintiff; and (d) failure to so place the bottle in the bed that it could not come in contact with plaintiff to his injury. The sufficiency of the proof to sustain the verdict under the complaint is questioned, and was challenged by a motion for directed verdict at the close of plaintiff's case, and renewed at the close of the trial. An examination of the proof raised by this assignment makes it necessary to recite the evidence bearing upon the negligence charged.

When plaintiff rested his case the testimony disclosed the following uncontroverted facts: Defendant was a physician and surgeon at Oakes, North Dakota, operating a hospital for profit in connection with his practice, with one trained nurse and two assistant nurses in his employ. Plaintiff engaged defendant in a professional capacity to treat,

operate upon him, and have him cared for until he regained health, all for hire. Plaintiff had been removed by defendant to the operating room of the hospital, wherein defendant successfully operated upon him for appendicitis. He was then taken from the operating table directly to the bed in question, and placed therein by the defendant and assistants while plaintiff was helpless under anæsthetics. He was lifted from the operating table and placed in bed. This bed had been prepared for plaintiff's reception under the direction of a trained nurse, to whom defendant had given general instructions as to such preparation. It was customary in all hospitals to so prepare the bed by heating that the shock from the operation might be reduced and the patient be otherwise benefited. The operation was begun by administering of anesthetics at about half-past five o'clock in the evening, and it was from three quarters of an hour to an hour and one quarter thereafter until, at the completion of the operation, plaintiff was placed in the bed so prepared. At 10 or 11 o'clock, and after the patient recovered consciousness, and some hours after defendant had left, plaintiff complained that his back was burning, and thereupon the nurse immediately took from under him a hot-water sack, or rubber hot-water bottle, partially filled with hot water. As to this we quote the following from the testimony of plaintiff's father: "Mrs. Foster [nurse] came into the room, threw the sheet back from him and took a sack out from under him, the hot-water sack. It was a big rubber sack filled with hot water, an ordinary hot-water bottle. The bag when taken out from under him was leaking. Mrs. Foster threw it upon the floor. I went over and picked it up, and it was so hot I could not hold it in my hands, and there was a stream of water flowing out of it." The witness further testifies that he and Mrs. Foster then examined plaintiff's back and found it burned over a large area covering "the whole back from shoulders clear to his hips, and in a minute or two the blister raised up all over his back just the same as any other blister." Testimony was received as to the healing of the wound, and the pain and suffering occasioned. The complaint asked judgment for damages in the sum of $25,000, and the jury awarded plaintiff a verdict for $1,800, also returning the following special findings:

"(1) Was the injury to plaintiff caused by his being placed on or in contact with the hot-water bag referred to in the testimony? A. In-

jury was caused by plaintiff coming in contact with the hot-water bag through negligence of defendant.

"(2) Was the injury to the plaintiff caused by the breaking of the hot-water bag and the hot water therein burning the plaintiff? A. No.

"(3) Was the injury caused by both the contact with the hot-water bag and the breaking of same, and the consequent burning of plaintiff by the hot water escaping from the bag? A. No."

These are important findings as limiting the cause of injury to that pleaded in the complaint; *viz.*, that the injury was caused by plaintiff coming in contact with the hot-water bag. This eliminates from consideration any question of variance between the complaint and the proof, in that the jury expressly found that the injury did not result because of the leak in the water bag or from the breaking of said bottle, resulting in plaintiff being scalded by escaping water. The jury having specifically found, then, that plaintiff's injury was occasioned by his coming in contact with the hot-water bag through negligence of the defendant, defendant's assignment of error that the evidence is insufficient to warrant the verdict raises the question: "Does the evidence sustain such finding of fact? On this question it must be remembered plaintiff was unconscious when placed in the bed after the operation. As the result of his complaint of pain on his first coming to consciousness, the injury and its cause were simultaneously discovered. The size of the burn and its location are significant. The jury might in reason have concluded from the location of the injury in the middle of the back that plaintiff had been placed in contact with the bottle carelessly left in the bed. Beyond all question the burn came from the bottle or its contents. Defendant does not contend otherwise or suggest any other possible explanation. As the testimony stood at the close of plaintiff's case, reasonable men might conclude the water bottle to have been dangerous to contact with the body, and that it was negligence to leave the same in such a position in the bed that it could come in contact with the insensible patient to his injury. And as defendant personally placed plaintiff in bed, the jury has evidence upon which to have found the negligence to have been defendant's, in not removing the bottle or in suffering it to remain where contact could be had by plaintiff therewith. If it needs adjudicated precedent to warrant a conclusion that under these facts defendant was negligent, see a

case of burning by a hot-water bag under identical circumstances, reported in Ward v. St. Vincent's Hospital, 23 Misc. 91, 50 N. Y. Supp. 466–469, wherein the court's opinion states: "It seems from the nature of the act here complained of that the veriest tyro in nursing would have known better than to have been so grossly negligent as was the nurse in charge of the plaintiff" patient, and the hospital was absolved from liability, because the act so grossly negligent did not evince any want of training or knowledge, but instead, was a single act of thoughtlessness not covered by the hospital's duty to furnish competent nurses. In other words, the act was so grossly negligent as to excuse liability, which theory was disaffirmed by the reversal of the case in Ward v. St. Vincent's Hospital, 39 App. Div. 624, 57 N. Y. Supp. 784, on appeal, where it was held a matter for the jury to determine whether a single act of negligence of a nurse established her incompetency, and rendered the hospital liable as for employing incompetent servants in nursing. Had the act of negligence in the case at bar been that of Mrs. Foster, instead of defendant, under this holding defendant could be held liable. On the other hand, from the doctor's viewpoint, with the successful termination on his mind of a dangerous operation, a matter of life or death to this patient, in the mere trusting others with such minor details, matters of secondary importance only, all things, considered, reasonable men might conclude no proof of negligence was made out. But as to whether defendant's acts constituted negligence, the law would compel the submission of the question of negligence under the facts in evidence to the jury for its determination. There is no question, under the pleadings or the proof, but what plaintiff was a patient for hire in this hospital of the defendant. The hospital was defendant's private institution, operated for his benefit in connection with his practice. It was not a charitable institution.

If defendant personally placed plaintiff in contact with the hot-water bottle, or in such near proximity thereto that plaintiff came in contact therewith to the injury complained of, no question of master and servant is involved, and defendant is responsible for his own negligent act, if such act be negligence, and the jury has found that it was. If, on the other hand, the negligence was that of the nurse who prepared the bed, the authorities then hold defendant liable. We quote from 21 Cyc. 1111: "A private hospital which is in its nature a charitable

institution is not liable in damages to patients for the negligence or misconduct of its officers or employees, but the rule is otherwise where the hospital is not a charitable institution." Citing Brown v. La Societe Francaise, 138 Cal. 475, 71 Pac. 516; Galesburg Sanitarium v. Jacobson, 103 Ill. App. 26. See also Sawdey v. Spokane Falls & N. R. Co. 30 Wash. 349, 94 Am. St. Rep. 880, 70 Pac. 972; Stanley v. Schumpert, 117 La. 255, 41 So. 565, 6 L.R.A.(N.S.) 306, and case note, 116 Am. St. Rep. 202, 8 Ann. Cas. 1044; Gitzhoffen v. Holy Cross Hospital Asso. 32 Utah, 46, 8 L.R.A.(N.S.) 1161, 88 Pac. 691; University of Louisville v. Hammock, 127 Ky. 564, 14 L.R.A.(N.S.) 784, 128 Am. St. Rep. 355, 106 S. W. 219; Harris v. Fall, 177 Fed. 79, 100 C. C. A. 497, 27 L.R.A.(N.S.) 1174, and briefs of counsel and authorities cited, including the valuable footnote. See also Baker v. Wentworth, 155 Mass. 338, 29 N. E. 589, and numerous cases cited in note to 8 Ann. Cas. 1046, including Union P. R. Co. v. Artist, 23 L.R.A. 581, 9 C. C. A. 14, 19 U. S. App. 612, 60 Fed. 365, and Glavin v. Rhode Island Hospital, 12 R. I. 411, 34 Am. Rep. 675.

The assignment of insufficiency of the evidence to warrant a recovery is not well taken. A liability existing under the evidence, we will now consider questions arising on the trial touching the validity of the verdict.

Plaintiff called the defendant physician for cross-examination under the statute, and then dismissed such witness. Defendant's counsel sought to explain by immediate examination of the witness the testimony elicited under such cross-examination. The court properly excluded such attempted redirect examination. Plaintiff had the right to such testimony from the defendant as he desired to elicit for his main case, and the right to exclude, by his objection, further examination into the matters brought out, to the end that the two sides of the case, plaintiff's main case and defendant's defense thereto, might be kept separate. While the matter is one largely in the discretion of the court, as are usually all questions as to order of proof, the court properly excluded the examination after the cross-examination under the statute. See Luick v. Arends, 21 N. D. 614, 132 N. W. 353–363.

Defendant presented thirteen requested instructions, eight of which were marked given by the court, and in the appropriate places in the charge these eight were given, no part of them being omitted. But with

each. requested instruction so given was coupled a converse· instruction on the matter contained in the requested instruction, that the court might instruct the jury fully as to the rights of both parties, and, without repetition, cover fully each subject instructed upon.    Defendant urges this as error, and contends that he was entitled to have them given as requested in whole, without explanation or addition thereto, under § 7021, Rev. Codes 1905, providing that counsel may in ·writing request instructions to the jury, and that the court shall write on the margin of such .requested instruction the word "given" or "refused," and that "all instructions asked for by the counsel shall be given or refused by the court without modification or change, unless modified or changed by consent of counsel asking the same."   ·We do not construe this provision as binding the court to give without modification or change, except by consent of counsel,· all instructions requested, in the order as requested, or coupled with no other instructions on matters covered by such requests.    To so construe the statute would place the order. and arrangement of the instructions of the trial court largely at the caprice of counsel.    It is a matter of the court's discretion as to arrangement and substance of instructions, except counsel has the advantage gained by the requests, in compelling the court, under penalty of reversal, to fully cover the case, or to at least properly instruct upon those subjects embraced in the requests.    Thus counsel may under this statute direct the court's attention to and require it to instruct in its language, or in its discretion when the requested instruction is correct, in the language as requested, upon each and all matters of law necessarily embraced within the issues under the pleadings and upon which proof has been presented.    But the instructions are the court's .and not counsel's· and the court in its discretion may indorse proper requested instructions, either as given or refused, and then give instructions on such subjects in its own language under such arrangement as its discretion may dictate, so long as the instructions given are proper, fully cover the case, and omit nothing that should be instructed upon regarding which instructions were requested.    The purpose of the statute is to aid counsel in protecting his client's rights by preventing the giving of abridged or indefinite instructions in lieu of those requested, and at the same time compel the subject to be instructed upon.    And the statute so construed allows counsel, while so safeguarding his client's rights,

to be of assistance to the court in the suggestions necessarily contained in the requests.

Again, exception is taken to the court's refusal to instruct "that physicians are not liable for the negligence of hospital nurses or attendants, of which they are not personally cognizant." The authorities heretofore given in determining whether a cause of action was established under the evidence and within the scope of the pleadings effectually settle this assignment against appellant's contention. The employment being for hire, and covering nursing and care after the operation, the requested instruction misstated the law.

Defendant assigns error in the court's refusal to give the following requested instruction: "You are instructed that in order for the plaintiff to recover you must find the accident and injury occurred by the placing of the plaintiff on a hot-water bag or bottle, for that is the act of negligence alleged in the complaint and the theory upon which the plaintiff rested his case; and you cannot base a verdict upon any claimed act of negligence not in the complaint; and if you find that the injury occurred only through the falling upon and breaking of a hot-water bag not placed under the plaintiff you must find for the defendant, as the plaintiff can recover only on the negligence charged in the complaint." This instruction was properly refused. To have given it would have charged explicitly that the jury could find for the plaintiff only one of the several acts of negligence pleaded, and would have excluded recovery for injuries occasioned by contact with the bottle negligently permitted to remain where contact was possible, and therefore eliminate from consideration half of plaintiff's case under both pleadings and proof. To have so instructed would have prevented the jury answering as it did the first finding of fact and its only finding of negligence.

The jury by the last two findings has found in defendant's favor as to the evidence of injury by breaking of the bag and the scalding by water escaping therefrom, and by its special findings has told us its general verdict, is as to negligence, based solely and only upon "plaintiff coming in contact with the hot-water bag through negligence of defendant." Had the court given the instruction complained of appellant could have urged that the jury answered the special finding with reference to its legal effect, and that the force of the finding was to that

extent minimized; but in the entire absence of the instruction we must give the finding full force as a finding of fact. The requested instruction was too narrow, and the jury having found the facts in defendant's favor, the assignment is untenable.

Then again, defendant urges error in the court's refusal to give the following instruction: "If you find that after the injury occurred the plaintiff refused to have the same properly treated, or neglected to have same properly attended to, then you must find for the defendant, even if the injury occurred through his negligence, as it cannot be determined what part of the full injury was due to defendant's alleged negligence and what part to plaintiff's refusal to have proper care and attention given to the injury. And if you find such to be the fact in this case, you will find a verdict for the defendant." To have given this instruction would have required the jury to have found for defendant if plaintiff neglected to treat or if he improperly treated the injury, even though the jury found the injury was caused by and through the actionable negligence of defendant. Such is not the law.

This cause of action arose in plaintiff's favor as soon as his injuries were received, and his right of recovery is not defeated by any subsequent neglect to cure himself of the injury suffered. This proposed instruction was properly refused.

This disposes of all assignments properly taken to instructions given and refused. Many others are urged, but we agree with counsel for respondent that the exceptions to instructions are all confined to the refusal of the court to charge as requested, and to the act of the court in giving with the requested instructions the law applicable to plaintiff's theory of the case; and that in fact no exception has otherwise been taken to any instructions actually given by the court. And, therefore, no question arises on this appeal as to the correctness of the court's instructions as given. The court charged orally, and such instructions are unchallenged except by assignments of error urged in the brief, with no exceptions, other than as above stated, taken and filed within the twenty-day period from the giving of the instructions. There is no proper basis for such other assignments of error on the charge. The statute defines the rights of an appellant in this respect, and requires the filing of exceptions as a prerequisite to the assigning of error on ap-

peal, and to disregard this requirement would be to ignore respondent's statutory rights. in the matter.

Defendant at the close of the testimony renewed the motion for a directed verdict upon the grounds "that there is an entire failure of plaintiff to establish the acts of negligence set out in the complaint; secondly, there is no proof whatever of any negligence upon the part of the defendant; thirdly, the whole testimony of the plaintiff, so far as any claim of purported negligence is concerned, is based upon inference, and no fact of negligence has been introduced in court." We have heretofore held that on the proof at the close of plaintiff's case the motion was properly denied, as the evidence was sufficient to sustain the findings and verdict. The facts shown in evidence in defendant's case but raised a conflict in testimony. The determination of the ultimate facts rested with the jury. Certain other assignments of error, not having been argued in the body of the brief, have been deemed abandoned under supreme court rule number 14.

The judgment appealed from is ordered affirmed.