MONROE, C. J.
Plaintiff prosecutes this appeal from a verdict and judgment rejecting -his claim for damages for personal injuries said to have been sustained by reason of a collision, in which a motor truck, owned by defendant and operated by one of his employes, ran into a street car of which plaintiff was conductor, the allegation of the petition being that the collision was caused by the negligence of the chauffeur of the truck. Defendant filed an exception of no cause of action, based upon the failure of the plaintiff to allege that he (defendant) might have prevented the act which caused the damage* and did not do so, and upon his failure to charge him (defendant) with negligence in employing an incompetent chauffeur.
[1] It is conceded to be the settled jurisprudence of this court, with respect to corporations and partnerships, that, construing article 2320 of the Civil Code as a whole, the last paragraph, which purports to limit the liability of masters and employers (as imposed by the first paragraph) for damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed, to cases in which they “might have prevented the act which caused the damage, and have not done it,” does not operate to effect that limitation; “but,” it is-said, “that jurisprudence is inapplicable to *776 individuals who are sought to be held liable for the negligence of their servants.” We do not find that view to be sustained by the fact. It is true that, in Ware v. Barataria, etc., Co., 15 La. 169, 35 Am. Dec. 189, the court held the limitation in question to have been an unfortunate departure from the Code. Napoléon, but, none the less, the law, the decision, however, rested upon the finding by the court that defendant’s agent, by whom the injury of which plaintiff complained was inflicted, was not acting within the scope of his employment, and it was said, inter alia:
“A distinction has been attempted to be drawn between corporations and natural persons, as to their liability for the acts and neglects of their agents, when acting within the scope of their employment. We think that the responsibility of both exists on the same grounds, in the same manner, and to the same extent,” etc.
And in a case decided in the following year, the court, consisting of the same judges, with the addition of Judge Garland, in reaching a different conclusion as to the limitation of the employer’s liability, practically affirmed the view as expressed in the above excerpt, and, as to their liability for the acts of their servants, recognized no distinction between corporations and individuals, saying:
“The defendants also asked the judge to charge the jury ‘that responsibility only attaches, when the master or employer might have prevented the act * * • and have [has] not done it.’ This the judge refused, and we do not think that he erred. The counsel has asked that a part of the article 2299 (now 2320) of the Code be declared to be law, without taking into consideration the sense and meaning of the whole of it. If the law were such as is alleged, a master or employer could never be made responsible for the acts of his agents or servants, unless he were present and did not endeavor to prevent the act which caused the damage.” Hart v. N. O. & O. R. R. Co., 1 Rob. 181, 36 Am. Dec. 689.
In McCubbin v. Hastings, 27 La. Ann. 716, the defendant was an individual, and damages were awarded against him for injuries inflicted by bis employé, in bis absence. See, also, Marionneaux v. Brugier, 35 La. Ann. 13; Mullins v. Blaise, 37 La. Ann. 92.
In Weaver v. W. L. Goulden Logging Co., 116 La. 473-474, 40 South. 798, tbe court, after referring to the jurisprudence concerning individuals as well as corporations, proceeded as follows:
“It therefore may be said that the restriction on the liability of masters embodied in article 2320 (2299) of the Civil Code has been construed out of the text, for the reason that it practically nullifies the liability of the master for the acts of his servants as imposed by the express terms of the same article.”
And in Stanley v. Schumpert, 117 La. 260, 41 South. 565, 6 L. R. A. (N. S.) 306, 116 Am. St. Rep. 202, 8 Ann. Cas. 1044 (being an action in damages against an individual), the question of the restriction was considered and the court declined, in terms, to apply it.
[2] In so far as the exception is based upon the failure of plaintiff to allege that defendant was guilty of negligence, in that he had employed an incompetent servant, it has no application in this case, since plaintiff was not a fellow servant of defendant’s employé, and assumed no risk with reference to him, but is entitled to recover from his employer whatever damage he may have sustained by reason of his fault, however competent he may have been, or defendant may have had reason to consider him. The exception was therefore properly overruled.