(82 South. 870)

No. 23154.

JUNG v. NEW ORLEANS RY. & LIGHT CO. et al.

Appeal of FOX RIVER BUTTER CO.

(June 30, 1919. Rehearing Denied Oct. 14, 1919.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ⬅301(1)—LAW OF ESTOPPEL TO DENY AGENCY INAPPLICABLE IN ACTION EX DELICTO.

The law of estoppel applicable to the acts of persons in contractual dealings holding others out to the public as their agents does not apply to an action ex delicto for personal injury, involving the issue of agency between defendant and one whose negligence caused the injury.

2. MASTER AND SERVANT ⬅330(3)—EVIDENCE INSUFFICIENT TO SHOW DRIVER OF AUTOMOBILE AGENT OF DEFENDANT.

In an action for injury to a pedestrian struck by an automobile, evidence *held* insufficient to show that the driver who owned the automobile was defendant's agent attending to defendant's business.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Miss Bertha Jung against the New Orleans Railway & Light Company and the Fox River Butter Company. Judgment for plaintiff against the defendant Fox River Butter Company, demands against the other defendant rejected, and the defendant Butter Company appeals; and plaintiff answered the appeal asking increase in the judgment.

Judgment annulled, avoided, and reversed, and decreed that the demands of plaintiff be rejected, at her costs in both courts.

M. M. Boatner, of New Orleans, for appellant.

Sanders, Brian & Sanders and Alfred J. Bonomo, all of New Orleans, for appellee.

DAWKINS, J. Plaintiff sued the defendants Fox River Butter Company and New Orleans Railway & Light Company for damages on account of personal injuries alleged to have been received through the fault and negligence of the said defendants.

The defense set up by the defendant New Orleans Railway & Light Company was a general denial, coupled with a plea of contributory negligence.

Fox River Butter Company pleaded a general denial.

The case was tried before a jury, and resulted in a verdict in favor of plaintiff and against the Fox River Butter Company for the sum of $5,000, and rejecting the demand against the New Orleans Railway & Light Company. From a judgment on said verdict, defendant Fox River Butter Company has appealed. Plaintiff has answered the appeal, and asks that the judgment be increased to the sum of $10,000.

The Facts.

On September 19, 1916, plaintiff boarded one of the defendant railway company's street cars at Canal street to go to her home on Constance street, and when the car stopped on the upper side of Cadiz street, where the latter crosses Constance street, she alighted from the front end on the left side and started across to the sidewalk on the left or river side of Constance street, when she was struck and knocked down by an automobile driven by one H. P. Arceneaux. Ordinarily passengers alight from either the rear or front end of street cars on the right

side, but on this occasion plaintiff proceeded to the front end, and either finding the left side or gate open, or the same having been opened for her at the time by the motorneer, she stepped off from that side, no doubt because it was closer and more convenient to her home, which was located near the middle of the block on that side of Constance street. The automobile had followed behind the street car for some distance, and when it stopped the driver swerved to the left and attempted to pass on that side, and thereupon the collision with the plaintiff took place. The left fender of the automobile struck the plaintiff and threw her over on and against the sidewalk and banquette, with the result that she was pretty badly bruised on the limbs, side, and arms, and suffered quite a severe nervous shock.

The automobile belonged to Arceneaux, and the question of whether he was the agent of Lee Bowie & Co., an independent concern, or whether he and said firm were agents and employés of the Fox River Butter Company, is one of mixed law and fact, which has to be determined before the issue of liability as for negligence can be considered.

As indicated above, the defendant railway company is out of the case; judgment having been rendered in its favor, and the plaintiff not having appealed therefrom.

### Opinion.

[1] We gather from the charge of the lower court, and from the remarks and rulings made on the trial, he was of the opinion that the same rules or law with reference to estoppel which apply to the acts and representations of persons in business or contractual dealings, holding others out to the public as their agents, apply to a case of this kind. However, the principle upon which such acts or representations are held to preclude the principal from denying the truth of the matter which they purport to establish is that persons acting on the faith thereof have been led to change their position or status in such a way that to permit a denial would cause them injury or loss. No such condition exists in an action ex delicto, for to say that the party injured would have acted differently, if he had known the true facts, would be to, in effect, convict him of contributory negligence.

[2] The issue here, therefore, must turn upon the question of whether or not, as a matter of fact, Arceneaux was the agent of the Fox River Butter Company, and at the time engaged in attending to its business. Bowie and Arceneaux swear most positively that the business and stock of butters, etc., belonging to the Fox River Butter Company, and which, from 1904, had been managed for it by Lee Bowie as its agent, was taken over and acquired by Bowie in 1911; that Arceneaux was first employed, about that time, to open up the books for the new purchaser, and that thereafter Bowie bought and paid for the products of the Fox River Butter Company, just as he did those of many other concerns whose goods he handled; that prior to that time all bills and accounts had been rendered by and in the name of defendant Fox River Butter Company, but thereafter Bowie paid for his purchases, and all collections were made from customers for the account of said Bowie. As against this, plaintiff has shown that the sign or name of the Fox River Butter Company was continued on the place of business conducted by Bowie on Poydras street, its name, with Lee Bowie as manager, was continued in the city and telephone directories, and has produced certain witnesses, present at the time of the accident, who swear that Arceneaux stated on the spot, when interrogated about the matter, that he worked for the Fox River Butter Company. It also appears that when the Fox River Butter Company, which is an Illinois corporation, commenced to do busi-

ness in Louisiana, it, in compliance with the law of this state, designated an agent for the service of process, etc., in the person of Lee Bowie, and that this condition continued down to the time of the accident, and as a matter of fact, the process in this case was served upon Bowie as such agent; the Fox River Butter Company appearing and answering without exception on that score.

Plaintiff also shows that she made demand through the mails upon the defendant for damages for injuries, but that it did not respond or inform her that Arceneaux was not in its employ, or that the business was not its own, but allowed her to proceed with a suit against the Fox River Butter Company, not setting up the true facts as now contended even in its answer, except in a general way, by general denial to the allegations of the petition. It is contended that it was the duty of defendant to advise her of the true facts, if such really existed, and that it should not be permitted, after allowing plaintiff to prosecute her suit in the manner as was done, and after prescription has run in favor of Bowie, to deny the latter's agency, or that the business on which Arceneaux was engaged was that of the Fox River Butter Company.

While it would have been more courteous, and it seems the natural thing to have done, for the defendant to have promptly notified plaintiff that Arceneaux was not in its employ, yet in a controversy of this kind, where the plaintiff demands a large sum of money for injuries for which she claims the defendant was responsible, and a lawsuit ensues, we know of no legal obligation resting upon either side to give to the other any information or assistance, save such as is exacted under the processes provided by law. A lawsuit is a contest in which either side is entitled to avail himself of all the lawful weapons at his command, and neither owes any duty to the other to disclose any part of his case.

Plaintiff has failed to sustain the burden of proof to the extent of showing that Arceneaux was the agent of the Fox River Butter Company. On the other hand, the evidence preponderates in favor of the fact that the business was that of Lee Bowie & Co., and that the only relation which defendant bore to it was that Bowie & Co. handle defendant's products, and it permitted the use of its name largely because of the reputation which had been established for Fox River butter.

"Inasmuch as the whole doctrine of powers by estoppel rests upon the theory that the other party has been led to rely upon appearances to his threatened detriment, it is obvious that the doctrine can apply only in those cases in which this element of reliance was present. It can therefore apply only to cases in which credit has been extended, action has been induced, delay has been obtained, or some other change of position has occurred, in reliance upon the appearance of authority, *and not to cases of mere tort, such as negligence, trespass, assault.* Actions based upon the contract furnish, of course, the most frequent opportunity; but actions for deceit or misrepresentation may also be included within the category. Reliance upon appearances, however, does not ordinarily induce to assault, slander, trespass, or negligent injury, and the cases must be very rare, if any, in which it could be an element." Mechem on Agency, vol. 1, p. 512, § 724, and authorities cited.

Having found that Arceneaux was not the agent of the Fox River Butter Company, it becomes unnecessary to determine the question of negligence, since neither he nor Bowie & Co., are before the court as defendants.

For the reasons assigned, the judgment appealed from is therefore annulled, avoided, and reversed, and it is now ordered and decreed that the demands of plaintiff be rejected, at her costs in both courts.

O'NIELL, J., dissents.