## HAYWOOD v. NOEL et al. *
### No. 14786.

Court of Appeal of Louisiana. Orleans.
May 7, 1934.

Edward Rightor, of New Orleans, for appellants.

Gill & Simon, of New Orleans, for appellee.

---

**WESTERFIELD, Judge.**

Miss Bessie Haywood, a feme sole, brought this suit against Bert Noel, Times Picayune Publishing Company, his employer, and the Employer's Liability Assurance Corporation, Inc., the insurance carrier of the Times Picayune Publishing Company, Inc., in solido, for damages alleged to have been sustained as a result of being knocked down by an automobile, owned and operated by Bert Noel, on November 16, 1932, at the intersection of Camp and Lafayette streets.

Noel failed to answer or defend the suit, and judgment was rendered against him by default. The other defendants filed a joint answer denying all responsibility and averring that Noel, the driver of the automobile, was free from negligence, and, in the alternative, pleaded contributory negligence.

The court, a qua, gave judgment in plaintiff's favor and against all three defendants in solido in the sum of $2,267.19, and the Times Picayune Publishing Company and the Employer's Liability Assurance Corporation have appealed.

Defendants contend, first, that Noel, the driver of the automobile which collided with plaintiff, was not guilty of negligence, but, if he was, plaintiff cannot recover because she was guilty of contributory negligence; second the Times Picayune Publishing Company is not responsible for the negligence of Noel under the doctrine of respondeat superior because the automobile he was driving was his personal property, over which it had no control.

Noel is charged with violation of several provisions of the traffic ordinance, in that he failed to keep a proper lookout; drove on the left or wrong side of the street; and failed to swerve to the right or stop after seeing the plaintiff in time to avoid striking plaintiff. The accident happened in daylight (9 a. m.) at a point where Lafayette street crosses Camp street, between the two white lines intended to mark the pathway of pedestrians at that intersection, and at a time when the plaintiff, Miss Haywood, had almost completed the crossing, having but a few more feet to go before reaching the Camp street curbing on the left or lake side of the roadway. Miss Haywood was struck by the right front fender of Noel's car and knocked to the pavement. She sustained a broken ulnar of the left arm, a fracture and contusion of the left knee, and brush burns over her face and body.

The position of the defendants is that Noel could not have avoided the accident because the plaintiff "jumped" in front of the car just before it reached the lane of pedestrian traffic; she having been screened from Noel's view until that moment by another automobile on Noel's right. In other words, it is said Miss Haywood suddenly appeared in the path of the Noel car at a time when it was impossible for any provision to be made to avoid running into her. The evidence, however, is conclusive and to the effect that Miss Haywood did not suddenly appear before the Noel car because of the mute evidence of skid marks testified to by disinterested witnesses as being about 25 feet in length and starting 15 or 20 feet from the first white line marking the lane of pedestrian traffic. Noel, himself, testified that he was traveling at the rate of 20 miles per hour; other witnesses that he was going much faster. The locality in question was in the business district, where much traffic crowds the streets during the business hours. In our opinion, Noel was guilty of a violation of article 1, section 1, of the Traffic Ordinance No. 7490, C. C. S., in driving his car upon the left side instead of the right side of Camp street and of other sections of the same ordinance with respect to excessive speed under the conditions prevailing in that locality.

Very little consideration has been given by counsel for defendants in oral argument or in his brief to the question of contributory negligence charged in his answer, and, on this point, we deem it sufficient to say that, even though Miss Haywood was guilty of negligence, Noel saw her in time to have avoided striking her, and under the doctrine of the last clear chance was alone responsible for the accident.

The Times Picayune and its insurance carrier, the Employer's Liability Assurance Corporation, are not responsible for Noel's negligence, it is said, because the automobile was his personal property and his selection of a means of transportation entirely within his discretion. Khoury v. Edison Electric Illum. Co., 265 Mass. 236, 164 N. E. 77, 60 A. L. R. 1159; Wesolowski v. Life Ins. Co., 308 Pa. 117, 162 A. 166, 87 A. L. R. 783; Pyyny v. Loose-Wiles Biscuit Co., 253 Mass. 574, 149 N. E. 541.

Article 2320 of the Civil Code provides: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Ragas v. Douglas, 139 La. 773, 72 So. 242; May v. Yellow Cab Co., 164 La. 920, 114 So. 836.

486

In Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1445, we find the following:

"The mere fact that the instrumentality which occasions an injury does not belong to the master will not preclude recovery from him for such injury, if the other circumstances require the inference that the tort complained of was within the scope of the servant's employment; the question being whether the use of the instrumentality was or was not authorized, expressly or impliedly by the master. (Goldsmith v. Chesebrough, 138 Md. 1, 113 A. 285). Any one, although not owning an automobile, whose negligent management has occasioned an accident, may be liable for the resulting injury if at the time thereof, it is being operated by his servant within the scope of his employment. (Di Marco v. Chicago & Riverdale Lbr. Co., 220 Ill. App. 354.)

"Under the rule stated, supra, the master is liable for injuries caused by a servant while driving his own automobile in the prosecution of his employment, though no express agreement in the nature of hiring the automobile is shown, if the circumstances warrant the inference that the master impliedly authorized its use. (Gordner v. St. Louis Screw Co., 201 Mo. App. 349, 210 S. W. 930; Jung v. N. O. Ry. & Light Co., 145 La. 727, 82 So. 870). Where an automobile although not owned by the master, is repeatedly used in the master's business, with his knowledge and assent, there arises an implied assent and authority to use it in the master's business, rendering him liable to respond for the negligence of those using it in connection with his business. (McCaughen v. Mo. Pacific Railroad Co. (Mo. App.) 274 S. W. 97)."

In the view of the authorities cited, the important question is not whether the automobile belonged to the employee or the employer, but whether its use was authorized, and whether, at the time of the injury, it was being operated in the interest of the employer's business.

In the plaintiff's petition we find in paragraph 12 the following: "That. at the time your petitioner was struck, the said Bert Noel was in the employ of the Times-Picayune Publishing Company, Inc., defendant herein, and was going from one of the offices of the Times-Picayune Publishing Company, Inc., to its main office on Camp Street, all the while under. instructions and orders from the Times-Picayune Publishing Company, Inc.; that at the time of the accident the said Bert Noel was acting within the course and scope of his employment by the said Times-Picayune Publishing Company, Inc., it being part of his du-ties as its employee to use his said Chevrolet Coach in the course and scope of his employment."

In defendant's answer the allegations contained in this paragraph are admitted. We conclude, therefore, that the doctrine of respondeat superior applied, and that Noel's employer is responsible for his negligent operation of the automobile which injured the plaintiff.

There remains only the question of quantum. Plaintiff suffered a break of one of the bones of her left forearm from which she had completely recovered at the time of the trial a year later. She also suffered a fracture of the tibia of her left leg and some contusions and brush burns about her body. She lost seven weeks' wages at $20 per week; a pair of eyeglasses costing $14, a coat costing $30, a pair of shoes costing $7 were destroyed in the accident. She expended $36 for medical bills and $5.19 for drugs. She employed a domestic servant to do the housework which she was accustomed to do herself. For all of these items of damage, the court below allowed $2,276.19, and we are not prepared to say that the award was excessive.

For the reasons assigned, the judgment appealed from is affirmed.

*Affirmed.*

JANVIER, Judge (dissenting).

I see no room here for the application of the doctrine of the last clear chance. According to the testimony of plaintiff herself, she walked from the middle of Camp street practically to the sidewalk without noticing that an automobile was coming. She states that as she reached a point near the middle of the street she saw two taxicabs approaching, one behind the other, and that she waited for them to pass, and that, after they passed, she continued across the street without seeing the automobile driven by defendant, Noel. It is true that she gives, as the reason for not seeing Noel in his car, that "he was not there." No citation of authorities is needed to establish the proposition that failure to see what is manifestly in existence is tantamount to failure to look. The inescapable conclusion is that Miss Haywood did not look as she proceeded across Camp street. If she did not look, and if she continued to walk into a path of danger, then every step that she took was a continuing act of negligence, and prevented the application of the doctrine of the last clear chance. See Harrison v. La. Western R. R. Co., 132 La. 761, 61 So. 782; Castile v. O'Keefe, 138 La. 479, 70 So.

 

481; Marler v. I. C. R. R. Co. (C. C. A.) 229 F. 139.

Camp street at that point is quite a wide street, as the evidence shows. After the taxicabs had passed plaintiff, she was in a position of safety in the middle of the street. A mere glance up the street would have disclosed to her the presence of the on-coming car driven by Noel and near the other side of the street. She could have stopped and avoided the accident. Therefore, conceding that everything my associates find as to the negligence of Noel is correct, nevertheless the proximate cause of the accident was the negligence of plaintiff herself in continuing to walk across the street without even a glance into the one direction from which traffic might approach.

I respectfully dissent.