## George Richardson *v.* W. A. Dumas.

[64 South. 459.]

1. Hospitals. *Injury to patient. Liability of proprietor. Negligence of servants. Question for jury. Appeal and error. Reversal.*
   The owner or proprietor of a private hospital or sanitarium, operating for profit, which is not charitable, is liable in damages for the negligence of his employees whereby a patient was injured.

2. Same.
   Under the facts as shown by the evidence in this case the question of the liability of the defendant should have been submitted to the jury, as the patient was under the control and care of the defendant and his employees, the nurses. By the contract it was the duty of the defendant to give the patient all the attention required and the very nature of the occurrence, shows a *prima facie* case of negligence in failing to exercise due care in nursing and looking after the patient.

3. Appeal and Error. *Amendment. Reversal.*
   Where on the trial of a case plaintiff asked leave of the court to amend his declaration by changing certain words and the court allowed the amendment and treating the declaration as amended erroneously sustained a motion for a peremptory instruction for the defendant, the fact that the amendment was not actually made cannot be availed of by the defendant on appeal.

Appeal from the circuit court of Adams county.
Hon. W. H. Wilkerson, Judge.
Suit by George Richardson against W. A. Dumas. From a judgment for defendant, plaintiff appeals.

*Chas. F. Engle* and *Easterling, Potter & Greaves,* for appellant.

What degree of care did appellee, as the owner of a sanitarium, owe to his patient under his contract in this case? The contract, as shown by the evidence, required appellee to furnish the sick man with a competent trained nurse day and night and to furnish him with every attention commensurate with his condition and requirements. Appellee charged a higher rate for this additional care and attention, and accordingly will be held to a stricter degree of care, prudence, attention and foresight to the patient. A hospital, incorporated and conducted for private gain and for the benefit of the stockholders thereof is liable in damages to its patient for the negligence or misconduct of its officers or employees. A patient sent to a hospital is entitled to such reasonable care and attention for his safety as his mental and physical attention may require. *Hogan* v. *Clarksburg Hospital Co.,* (W. Va.), 59 S. W. 943; *Stanley* v. *Shumpert,* 6 L. R. A. (N. S.), 306, 41 So. 565 and notes cited thereunder.

Wherein the appellant has failed to make out his case, and upon what ground, we have searched in vain and fail to see. This is a case we contend of *res ipsa loquitur.* The fact of finding the sick man who was shown to have been placed in the sanitarium, and who was shown a short time before the injury to have been in a delirious condition, naked under the window, fatally wounded, twenty-four feet below the window of the room in which he was being cared for, itself makes out a case of negligence and casts upon defendant the burden of showing that neither he nor his agents and servants were negligent.

"When an unusual and unexpected accident happens and the thing causing the accident is in one's exclusive management, possession and control, the accident speaks for itself; it is a witness *res ipsa loquitur,* and in a suit by one having an action therefor the fact of the accident

puts upon the defendant the duty of showing that it was not occasioned by negligence on his part." *Williams Branfoot* v. ————, 48 Fed. 914; *Lykiardpoule* v. *N. O. & C. R. L. & T. Co.,* 127 La. ——, 53 So. 575. See, also, the case of *Brown* v. *Y. & M. V. R. R. Co.* (Miss.), 4 So. 383; *Bell* v. *Refuge Cotton Oil Mill,* 27 So. 38; *A. & V. Ry. Co.* v. *Groome,* 52 So. 703; 2 Labatte on Master & Servants, par. 834; 1 Addison on Torts, sec. 33; *Scott* v. *London Docks Co.,* 3 Hurl & Colt, 596; 2 Thomson on Negligence, sec. 15, page 16. See, also, the case of *Tennessee Coal & Iron Co.* v. *Hayes* (Ala.), 12 So. 98.

It is difficult to see how the plaintiff in the court below could have proved his case by stronger evidence. The facts speak for themselves. The sick man was placed in care of defendant's sanitarium for treatment, and care at a higher rate, so as to procure nurses by night and day; his condition was known by the defendant's servants and agents; it was known that the patient was delirious. It certainly needs no argument to show that in the ordinary course of human events such accidents as these do not happen if those who have management, use the proper prudence, care and caution. In the absence of an explanation from the defendant it shows conclusively that the patient was not being looked after and properly attended and cared for. It must be remembered that the defendant held himself out to the public as being especially qualified for the undertaking he was engaged in, maintaining a sanitarium for the cure and treatment of people suffering from disease, and also that the special agreement was for a nurse by day and a nurse by night to attend upon the sick man, and the further fact that the nurse in charge of the sick patient on the night of the accident, several hours before it occurred, had knowledge that the patient was delirious and talking out of his head, and hence in such condition as to require constant and unrelaxing supervision, care and watchfulness. These facts, coupled with the further fact that a

window on the second floor where patients were placed for treatment should be left open and unguarded, all go to show beyond any dispute, in the absence of a showing to the contrary, that the defendant was guilty of gross negligence and want of care.

"So many questions are integrated usually into the solution of the question of negligence it is so necessary to carefully examine all the circumstances making up the situation in each case that it must be a rare case of negligence which the court should take from the jury." *Bell* v. *Railroad Co.*, 30 So. 821; *Laurel Mercantile Co.* v. *Mobile, etc., R. R. Co.*, 87 Miss. 675, 40 So. 259.

*L. T. Kennedy,* for appellee.

It is contended by appellant that this is a case for the application of the maxim, *res ipsa loquitur.*

The doctrine has no application in the case at bar for the following reasons, to-wit: First, no injury has been proven, of which the conditions and circumstances shown by the evidence, were the proximate cause; second, because the declaration and the evidence, viewed in the light of the appellant is that the deceased's death was the result of two concurring causes. See 29 Cyc., 592, note 98.

Passing to the second reason, why the maxim is not applicable, we quote from 29 Cyc. 392. Nor does it apply where the cause of the accident is known or where the injury was the result of two or more concurring causes."

The plaintiff showed by his own testimony the operation of a cause beyond the control of the defendant below, appellee here, the presence of a *vis major,* namely a protracted case of Typhoid Fever, and it became necessary thereby to go further and prove the actual concurrence of the negligence of the defendant as an operating and efficient cause. See *Harrison* v. *Sutter,* 55 L. R. A. 608. See 29 Cyc., pages 592 and 624, with note 14.

The case of *Lykiardopoulo* v. *N. O. C. R. L. & T. Co.,* 53 So. 575, cited by appellant herein, is based upon the

application of the maxim *res ipsa loquitur*, which does not apply in the case at bar. However, the case is *contra* the weight of authority. See 29 Cyc. 594 (c).

The case of *McCahil* v. *New York Transportation Co.*, cited by appellant, would have been a fine case for appellant to have read before the trial in the lower court but affords no principles or reasons why the action of the lower court should not be affirmed.

The appellant has wholly failed to show that the deceased fell from a window, or that he sustained any injuries from which we might presume that he fell from the window, or that in fact any injuries were sustained, or that the death was caused by any injuries, or that any injury was a concurring cause of the death.

In making the statement that appellant has not shown that any injuries were the concurring cause of the death of Richardson, I anticipate that appellant will reply, that our contention that the maxim *res ipsa loquitur* does not apply because there are two concurring causes of the death, must then fall upon our contentions, but we answer that there were two concurring causes of the death is the contention of appellant, and based upon that contention we say that *res ipsa loquitur* does not apply, but if appellant abandons that contention, we meet the merits of the case by the proposition that in fact the cause of the death was not shown by the evidence.

Again, the declaration charges specific acts of negligence, and does not charge negligence generally, and in such cases the maxim if applied at all, is limited to a presumption of the acts so specifically charged, which in the case at bar was insufficient for the submission of the cause to the jury.

REED, J., delivered the opinion of the court.

Matthew Richardson, aged about nineteen years, seriously ill with a fever, was taken by appellant, his father, for treatment to the private sanitarium owned and

operated for profit in the city of Natchez by appellee, a practicing physician. Appellee agreed with appellant, for a price named, to give his son all the attention required, and to "furnish him with a trained nurse each night and day." The young man was very ill and became delirious. He was taken to the sanitarium on a Sunday. His father visited him on the next day, Monday, and again on the following (Tuesday) night, and left him shortly before ten o'clock. He was then still delirious, and his condition was known to the nurse in charge. About twelve o'clock on the same night Matthew was found on the pavement in the back yard of the sanitarium. He was without clothing. His gown was hanging from a window of the sanitarium above him, which was open and unscreened. Apparently he had fallen from the window to the pavement, a distance of about nineteen feet. He was in a distressed physical condition, a bruise was found in his chest, and there was an offensive discharge from his body. He died the following morning. When the testimony for plaintiff was all introduced, the trial court sustained defendant's motion to exclude the evidence, and thereupon directed a verdict for defendant, on the ground that the evidence did not show any liability.

It has been decided that the owner or proprietor of a private hospital or sanitarium, operated for profit, which is not charitable, is liable in damages for the negligence of his employees. *Stanley* v. *Schumpert*, 117 La. 255, 41 So. 565, 6 L. R. A. (N. S.), 306, 116 Am. St. Rep. 202, 8 Ann. Cas. 1044; *Galesburg Sanitarium* v. *Jacobson*, 103 Ill. App. 26; *Brown* v. *La Société Francaise, etc.*, 138 Cal. 475, 71 Pac. 516; *Ward* v. *St. Vincent's Hospital*, 39 App. Div. 624, 57 N. Y. Supp. 784. This rule rests upon the general doctrine that a master is responsible for the torts of his servant in the scope of his employment.

The court erred in not submitting this case to the jury. Matthew Richardson, the patient, was under the control

and care of appellee and his employee, the nurse. Under the contract it was the duty of appellee to give the patient all the attention required. The facts presented by the evidence, the very nature of the occurrence, shows a *prima facie* case of negligence in failing to exercise due care in nursing and looking after the patient.

Our attention has been called by counsel for appellee in his brief to the failure of appellant to amend his declaration by inserting the word "caused" in the place of the words "contributed to." It does not appear from the record that this change was actually made in the declaration. We do not see, however, that this can be of any avail in this appeal to appellee. We quote the following from the bill of exceptions: "Thereupon the plaintiff asked leave of the court to amend his declaration by inserting the word 'caused,' instead of the words 'contributed to,' in the sixth paragraph of declaration, and the court stated that the amendment might be made, but nevertheless the motion would be sustained, and thereupon the court sustained the motion." The court treated the declaration as if amended. The request for leave to amend, the permission, and the sustaining of the motion directing a verdict for appellee were all considered and acted on together, and together became the same and one continuous act.

*Reversed and remanded.*