Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

FRANK P. DI RAFFAELE et al., Respondents, *v.* ALBERT GERKHARDT, Appellant.

*Appeal* — *discretionary orders* — *appeal to Court of Appeals dismissed.*

*Di Raffaele* v. *Gerkhardt*, 217 App. Div. 185, 187, appeal dismissed. (Submitted December 1, 1927; decided December 16, 1927.)

APPEAL from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1926, one reversing an order of Special Term which granted a motion to set aside a settlement of an action and restored the case to the calendar and the other reversing an order of Special Term which granted a motion to punish plaintiff for contempt.

*Maurice B. Rich* for appellant.

*John B. Coppola* and *Betty H. Kaye* for respondents.

Appeal dismissed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

FREDERICK VAN PATTER, as Administrator of the Estate of SHIRLEY VAN PATTER, Deceased, Respondent, *v.* CHARLES B. TOWNS HOSPITAL et al., Appellants.

*Negligence* — *hospitals* — *patient being treated for drug addiction permitted to enter drug store unattended* — *liability of hospital for death of patient from overdose of drug purchased.*

*Van Patter* v. *Towns Hospital*, 213 App. Div. 863, affirmed. (Submitted December 1, 1927; decided December 16, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence

of defendants who conducted a private sanitarium for the treatment of persons addicted to the use of drugs and narcotics. It was alleged that on or about April 16, 1920, plaintiff's intestate was placed in the care and charge of the defendants for treatment for drug addiction; that in the course of such treatment the drug to which she was addicted (morphine) had been withheld from her for several days; that on or about the 26th day of April, 1920, while still under the care, charge, protection and treatment of the defendants, the plaintiff's intestate was permitted upon the street in charge of an attendant, and by such attendant permitted to enter a drug store unattended, where she purchased a drug known as "veronal," which she took upon her return to the hospital, thus causing her death.

*William B. Shelton, Murray G. Jenkins* and *William Dike Reed* for appellants.

*Eugene Morgan Hawkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN and O'BRIEN, JJ. Dissenting: CRANE and KELLOGG, JJ.

---

PETER J. POELS et al., Copartners under the Firm Name of POELS & BREWSTER, Appellants, *v.* CHARLES E. MERRILL et al., Copartners under the Firm Name of MERRILL, LYNCH & Co., Respondents.

*Fraud — action to recover for alleged fraudulent statements through which plaintiffs were induced to contract with another to their damage.*

*Poels* v. *Merrill*, 216 App. Div. 839, affirmed.

(Argued December 1, 1927; decided December 16, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1926, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term. The action was brought to recover damages for alleged fraudu-