FILIPPO MACCHIAVERNA, Suing for Himself as Stockholder, and All Other Stockholders of the Campania Real Estate Company in Like Situation Who Shall Choose to Make Themselves Parties to This Action, Respondent, v. CAMPANIA REAL ESTATE COMPANY and Others, Defendants, and JULIUS LEHRENKRAUSS and HOWARD D. HAMMOND, Individually and as Executors, etc., of BENJAMIN J. SFORZA, Deceased, Appellants, and Others, Defendants.— As the examination has been had, the order is affirmed, without costs. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

BARBARA MIERYJESKI, as Administratrix, etc., of IGNATIUS MIERYJESKI, Deceased, Respondent, v. BAY RIDGE SANITARIUM, INC., Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The defendant corporation may not be examined through the individuals named in the notice because they are not managing agents or employees of the defendant so far as the matters set out in the complaint and the notice of examination are concerned. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Matter of Renouf* v. *N. Y. C. R. R. Co.*, 254 id. 349.) The case of *Robertson* v. *Towns Hospital* (178 App. Div. 285) must be deemed overruled by the *Renouf* case. The subject-matter of the examination concerns acts of defendant's employees other than administrative acts and, therefore, may not be made the subject of an examination in the cause of action set out herein. The disposition herein is without prejudice to an application for a discovery of hospital records if a proper basis therefor can be shown. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.