DORA MESHEL, Plaintiff, *v.* CROTONA PARK SANITARIUM, INC., Defendant.

City Court of New York, Bronx County, January 17, 1935.

*Bernard Budnick*, for the plaintiff.

*Edward T. McGetrick*, for the defendant.

DONNELLY, J. Plaintiff alleges that on or about and sometime prior to the 4th day of July, 1930, the plaintiff and the defendant entered into an agreement wherein and whereby, for a consideration then and there paid by plaintiff to this defendant, the defendant agreed to permit plaintiff to be confined in its " institution " and to receive proper treatment and care, including the service of trained nurses and the use of a bed and bedding. In its answer the defendant admits that at the time set forth in the complaint the plaintiff, for compensation, entered and was received into " said sanitarium " and the defendant undertook to provide treatment and care for the plaintiff during her confinement in said " institution."

The plaintiff further alleges that on or about the 4th day of July, 1930, plaintiff was being taken care of by one of the nurses employed by the defendant in the said sanitarium, and that the defendant, through one of its nurses, so carelessly, negligently

and recklessly conducted itself towards this plaintiff that the said nurse caused the bed in which this plaintiff was lying to close upon the plaintiff's hand, severely crushing and lacerating one of her fingers, and otherwise injuring her. In *Ward v. St. Vincent's Hospital* (39 App. Div. 624) there was an agreement between plaintiff and defendant whereby the latter, for a consideration paid to it by plaintiff, undertook to furnish her a skilled, competent and trained nurse. The court said (p. 626): "For the breach, then, of that express specific and valid contract, the plaintiff was entitled to the same damages as though the action had been for negligence pure and simple. In either case she was entitled to compensation, that is, to an adequate indemnity for her injuries, no more and no less."

The jury rendered a verdict in favor of plaintiff for $500. Defendant moved to set aside the verdict upon two grounds: (1) That the defendant is not liable for the acts of the nurse in question; and (2) that the court erred in refusing to permit the physician who attended plaintiff and treated the injury to her finger to testify.

Plaintiff testified to her injuries and to Dr. Greenstein's treatment of them. When Dr. Greenstein was called by defendant its counsel apparently intended to interrogate him about some condition other than the laceration of plaintiff's finger. His question to the doctor was: "Did she have some condition other than —— " He was interrupted by plaintiff's counsel, who objected upon the ground that " it calls for a privileged communication." Defendant's counsel then stated: " I am going to bring out testimony relative only to this finger for which you claim damages."

Where the plaintiff, in an action brought to recover for personal injuries caused by the negligence of the defendant, becomes a witness for herself and describes those injuries and their results and states in part what occurred when she consulted or was treated by a physician, the plaintiff waives the protection of the statute (Civ. Prac. Act, § 352) and the physician may be called by the defendant and examined as to any information acquired by him in the course of such consultation or treatment. (*Hethier v. Johns,* 233 N. Y. 370.)

At bar the defendant undertook, for compensation paid to it by plaintiff, to provide proper treatment and care for her during her confinement at its hospital. The instant case is distinguishable from that of *Matter of Renouf v. N. Y. C. R. R. Co.* (254 N. Y. 349), cited by defendant. It was there held that a trained nurse, engaged specially by a railroad corporation on a single case to render services to an injured employee in a hospital, under the

general direction of the company's physician in charge of the case, is not an employee of the company within the meaning of the Workmen's Compensation Law, and is not entitled to compensation for injuries sustained by her arising out of and during the course of her employment. The court also held that the railroad company merely procured the nurse, but that it did not act through the nurse in caring for the patient.

A public hospital undertakes, not to heal or attempt to heal through the agency of others, but merely to supply others who will heal or attempt to heal on their own responsibility. Liability in such cases is to be determined by the contract, express or implied, between hospital and patient. (*Matter of Bernstein* v. *Beth Israel Hospital*, 236 N. Y. 268, 270.) And the beneficiary of a charitable trust may not hold the corporation liable for the negligence of its servants. (*Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188, 190.) But persons or corporations conducting private hospitals for profit have no exemption for the negligent act of their servants. (*Gooch* v. *Buford*, [C. C. A.] 262 F. 894; *Hogan* v. *Hospital Co.*, 63 W. Va. 84; 59 S. E. 943; *Meyer* v. *McNutt Hospital*, 173 Cal. 156; 159 P. 436; *Richardson* v. *Dumas*, 106 Miss. 664; 64 So. 459; *Jenkins* v. *Charleston General Hospital & Training School*, 90 W. Va. 230; 110 S. E. 560; *Van Patter* v. *Towns Hospital*, 246 N. Y. 646.) In *Stone* v. *Eisen Co.* (219 N. Y. 205, 208, 209) it was held that where a person enters into an agreement with a corporation and submits to an examination pursuant to such agreement, there is an implied contract that the patient will be treated skillfully. The court said that the implication arises whenever one person is placed in the control or protection of another, and that it has been applied, among other instances given, to private hospitals and their patients, citing *Hogan* v. *Hospital Co.* (*ante*). In *Richardson* v. *Dumas* (*ante*) the court held that the liability of private hospitals operated for profit rests upon the general doctrine that the master is responsible for the torts of his servant in the scope of his employment. At bar the defendant, which operated a private hospital for profit, acted directly through the nurse in the care of plaintiff for compensation paid by plaintiff to defendant. The nurse was in defendant's regular, not special, employ. She so testified, in answer to a question by defendant's counsel. This question was: " In 1930 were you employed by the defendant sanitarium? " The answer was: " Yes." No attempt was made by defendant to show that the nurse acted under the direction of Dr. Greenstein or that she was responsible to no one else but the physician. An act is within the scope of the servant's employment when it is necessary to accomplish the purpose of his employment and intended for that

purpose. The nurse was performing an act of her employment by defendant when, after ministering to plaintiff, she attempted to lower the bed in which plaintiff was lying.

Defendant's motion to dismiss the complaint is denied, with an exception to defendant. In view of the exclusion of Dr. Greenstein's testimony as to his treatment of plaintiff's finger, defendant's motion to set aside the verdict is granted. Ten days' stay and thirty days to make and serve a case.