CATHERINE SHEEHAN, Respondent, *v.* NORTH COUNTRY COMMUNITY HOSPITAL, Appellant, Impleaded with Another.

Argued January 12, 1937; decided March 9, 1937.

*Richards W. Hannah* and *William A. Earl* for appellant. A charitable hospital is not liable to recipients of its charity for the negligence of its servants. (*Schloendorff* v. *Society of N. Y. Hospital,* 211 N. Y. 125; *Phillips* v. *Buffalo General Hospital,* 239 N. Y. 188; *Mills* v. *Society of N. Y. Hospital,* 242 App. Div. 245; 270 N. Y. 594; *Collins* v. *N. Y. Post Graduate Med. School & Hospital,* 59 App. Div. 63; *Wilson* v. *Brooklyn Homeopathic Hospital,* 97 App. Div. 37; *Hamburger* v. *Cornell University,* 240 N. Y. 328; *Hordern* v. *Salvation Army,* 199 N. Y. 233; *Matter of Bernstein* v. *Beth Israel Hospital,* 236 N. Y. 268; *Powers* v. *Massachusetts Homeopathic Hospital,* 109 Fed. Rep. 294; 183 U. S. 695; *Ettlinger* v. *Trustees of Randolph-Macon College,* 31 Fed. Rep. [2d] 869; *Cunningham* v. *Sheltering Arms,* 135 App. Div. 178; *Stearns* v. *Association of the Bar of the City of New York,* 154 Misc. Rep. 71; *Williams* v. *Church Home for Females,* 223 Ky. 355.)

*Louis G. Hart, Jr.,* for respondent. The exemption extends only to acts of negligence committed by a member of the medical staff. (*Mills* v. *Society of New York Hospital,* 242 App. Div. 245; 270 N. Y. 594; *Hodern* v.

*Salvation Army*, 199 N. Y. 233; *Phillips v. Buffalo General Hospital*, 239 N. Y. 188; *Hamburger v. Cornell University*, 240 N. Y. 328; *Matter of Bernstein v. Beth Israel Hospital*, 236 N. Y. 268.)

LOUGHRAN, J. Plaintiff, who had been a paying patient in a hospital of the defendant-appellant, a charitable corporation, was being removed in its ambulance to her home. Negligence of the driver brought the ambulance into collision with another vehicle and the plaintiff suffered injuries for which she had a judgment which has been affirmed. On these facts there is squarely presented for the first time in this court the question whether a charitable institution (not itself in default in the performance of any non-delegable duty) should be declared exempt from liability to a beneficiary for personal harm caused by the negligence of one acting as its mere servant or employee. (Cf. *Schloendorff v. Society of New York Hospital*, 211 N. Y. 125.)

The case for immunity must rest on the hypothesis that a recipient of the benefit impliedly waives any claim for damages resulting from torts in the administration of a charity, a theory that would be inapplicable were the plaintiff a stranger to this hospital. (See *Hordern v. Salvation Army*, 199 N. Y. 233, 238–240; *Hamburger v. Cornell University*, 240 N. Y. 328, 329–340; *Johnsen v. Staten Island Hospital, Inc.*, 271 N. Y. 519; *Kellogg v. Church Charity Foundation*, 128 App. Div. 214, 218.) A prop may be found in the consideration that to compel payment of damages to a beneficiary would be to limit charitable activities and to dry up the sources of charitable donations. In a case not quite the same, the strongest argument for non-liability was stated in these words: " There can certainly be no principle of natural justice which would require one engaged in charitable work to be liable to the recipients of his charity for the wrongs of others. If he use reasonable care in the selection of the means and is guilty of no wrong himself, he ought not

to be answerable to those who accept the charity for the wrongs of servants whom he has to employ to make it effective." (*Wallace* v. *Casey Co.*, 132 App. Div. 35, 44.)

On the other side it is answered that the " waiver " doctrine is pretty much a fiction (*Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188); that to impose liability is to beget careful management; and that no conception of justice demands that an exception to the rule of *respondeat superior* be made in favor of the resources of a charity and against the person of a beneficiary injured by the tort of a mere servant or employee functioning in that character. It is our judgment that the greater weights are in this scale.

Moreover, the now declared public policy of the State is that persons damaged by the torts of those acting as its officers and employees need not contribute their losses to the purposes of government. (Court of Claims Act, § 12-a.) We think it would not be a harmonious policy that would require this plaintiff to put up with her injuries on the score that the appellant is a charitable corporation. (Cf. *Murtha* v. *New York H. M. College & Flower Hospital*, 228 N. Y. 183.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and RIPPEY, JJ., concur; FINCH, J., taking no part.

Judgment affirmed.