MAE E. KAMPS and GEORGE W. KAMPS, Respondents, v. CROWN HEIGHTS HOSPITAL, INC., Appellant.— Judgment for plaintiffs in an action to recover damages for negligent treatment of the plaintiff wife by a nurse reversed on the law, with costs, and complaint dismissed, with costs. The relationship of master and servant does not exist between a hospital and a nurse employed by it so as to render the former liable under the doctrine of *respondeat superior.* (*Matter of Renouf* v. *N. Y. C. R. R. Co.,* 254 N. Y. 349; *Mieryjeski* v. *Bay Ridge Sanitariums Inc.,* 237 App. Div. 851; *Schloendorff* v. *New York Hospital,* 211 N. Y. 125; *Phillip,* v. *Buffalo General Hospital,* 239 id. 188; *Mills* v. *Society of New York Hospital,* 242 App. Div. 245; affd., 270 N. Y. 594; *Hendrickson* v. *Hodkin,* 250 App. Div. 619.) In addition, it appears without dispute that in this case the nurse in question was one specially retained by the plaintiff wife to render exclusive service, and her compensation was paid directly by the patient. Under these circumstances, the application of the doctrine expressed in the foregoing authorities is emphasized. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.

BENJAMIN KANOF, Appellant, v. MOLLIE BRAUNSTEIN and JOSEPH BRAUNSTEIN, Respondents.— Order dismissing plaintiff's complaint upon payment of interest and taxable disbursements by defendants modified by providing that defendants shall pay interest and taxable costs and disbursements, and as so modified affirmed, with ten dollars costs and disbursements to appellant; the payment to be made within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

SAMIA KHOURY, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— The action is to recover the purchase price of a guaranteed first mortgage certificate after plaintiff rescinded the contract of purchase. Plaintiff alleges that she agreed to purchase a participation in a mortgage covering the premises No. 415 East Twelfth street, Manhattan. While the certificate issued to plaintiff purports to be a participation in such a mortgage, defendant admits it never owned a mortgage covering premises No. 415 East Twelfth street, although it did own one covering premises No. 413 East Twelfth street. Defendant contends plaintiff's husband never asked that his money be invested in a mortgage covering premises No. 415 but requested that it be invested in any mortgage owned by defendant, and defendant asks that the certificate be reformed to describe correctly the bond and mortgage in which plaintiff owns a share. Judgment was entered on a verdict for plaintiff; and on a stipulation that the court dispose of defendant's counterclaim at the close of the trial on the same evidence, the court dismissed the counterclaim. The only question raised is that the verdict is against the weight of the evidence. Judgment unanimously affirmed, with costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.