DINA YOHALEM, Plaintiff, v. ISIDORE YASUNA, Doing Business under the Firm Name and Style of MT. EDEN HOSPITAL, Defendant.

City Court of New York, Special Term, Bronx County, December 16, 1937.

*Raymond J. Schosberg*, for the plaintiff.

*Raymond Rubin*, for the defendant.

DONNELLY, J. The complaint alleges that defendant owns and operates for profit a private hospital; that defendant undertook to provide plaintiff with all necessary nursing services and undertook to safeguard plaintiff's valuables during her stay at the hospital; that plaintiff was prepared for said operation by nurses employed

by defendant; that plaintiff's bridge, in preparation for the operation, had to be delivered to defendant or its agents; and that the bridge was so delivered but not returned. From plaintiff's bill of particulars, served upon defendant in compliance with his demand, it appears that the bridge in question was delivered to a Miss Drew, one of defendant's nurses, when said nurse informed plaintiff that it was a rule of defendant that all removable bridge work had to be removed from the patient and delivered to defendant in the course of preparation for operations involving the administration of a general anesthetic.

The statement on page 2 of defendant's memorandum, submitted in support of the pending motion to dismiss the complaint for insufficiency, that "plaintiff was operated upon by her own doctor," is purely gratuitous. There is no such allegation anywhere in plaintiff's complaint.

It also appears in plaintiff's bill of particulars that a bailment is claimed by operation of law by the relationship of the parties and by the delivery of said bridge to the defendant and his employee as theretofore in said bill set forth.

Much of defendant's argument is devoted to the discussion of his contention that the nurse was not defendant's agent. On this motion the complaint must be deemed to establish that the nurse was regularly and generally employed by defendant. It will require evidence to show whether or not the allegations in plaintiff's complaint that the nurse was in defendant's employ are true.

Persons or corporations conducting private hospitals for profit have no exemption for the negligent acts of their servants. (*Meshel v. Crotona Park Sanitarium, Inc.*, 154 Misc. 221.) In *Hendrickson v. Hodkin* (250 App. Div. 619) it was said: " The rule is now well settled that a hospital, whether charitable or private, is immune from liability to patients by reason of the negligence of its doctors and nurses *with respect to any matter relating to the patient's medical care and attention.* (*Matter of Renouf* v. *N. Y. C. R. R. Co.*, 254 N. Y. 349; *Mieryjeski* v. *Bay Ridge Sanitarium, Inc.*, 237 App. Div. 851; *Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Phillips* v. *Buffalo General Hospital*, 239 id. 188; *Mills* v. *Society of New York Hospital*, 242 App. Div. 245; affd., 270 N. Y. 594.) " (Italics mine.)

At bar, plaintiff alleges in her first cause of action a bailment of her personal property; in her second cause of action she pleads the loss of said property through the negligence of defendant. When the nurse received the bridge from plaintiff she was not then engaged in any medical care of or attention to plaintiff. The

delivery of the bridge was a mere incident of the subsequent operation upon plaintiff; it had nothing to do with the operation itself or the medical care and attention given to plaintiff during and subsequent to the operation. In *Renouf* v. *N. Y. C. R. R. Co. (supra)* the question discussed and decided was whether a trained nurse engaged specially by a railroad corporation on a single case to render services to an injured employee in a hospital, under the general direction of the company's physician in charge of the case, was or was not an employee of the company within the meaning of the Workmen's Compensation Law. In *Phillips* v. *Buffalo General Hospital,* in *Schloendorff* v. *New York Hospital* and in *Mills* v. *Society of New York Hospital (supra)* the defendants were charitable corporations and each maintained a hospital. In *Mieryjeski* v. *Bay Ridge Sanitarium, Inc.,* it is impossible to determine from the memorandum decision whether the defendant was a charitable institution or a private hospital operated for profit. The question there involved was the right to examine defendant before trial. It was held that the individuals named in the notice may not be examined because they were not managing agents or employees of the defendant so far as matters set out in the complaint and the notice of examination were concerned.

There is authority for the proposition that a hospital operated for profit may be liable for the negligence of its employees which occurred while such employee had the hospital's patient under his care. (*Van Patter* v. *Towns Hospital,* 246 N. Y. 646.) In *Sheehan* v. *North Country Community Hospital* (273 N. Y. 163) it was held that a charitable institution is not exempt from the rule of *respondeat superior* in the event of injury to a beneficiary occasioned by the negligence of its servant or employee. *Kamps* v. *Crown Heights Hospital* (251 App. Div. 849) is wholly without application. There it appears that the nurse in question was one specially retained by the plaintiff wife to render exclusive service, and her compensation was paid directly by the patient; the relationship of master and servant did not exist between the hospital and the nurse. At bar, it must, on this motion to dismiss the complaint for insufficiency, be assumed that the relation of master and servant between the defendant and the nurse did exist.

Motion denied, with ten dollars costs.