MARIE MACKRELL, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, December 14, 1944.

*John Wilson Hood* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (John J. O'Brien* of counsel), for defendants.

STEINBRINK, J. Plaintiff moves to strike out the third affirmative defense contained in the answer of the defendant Ginsberg as " sham, irrelevant and redundant," and for leave to amend the title of the action by correctly designating the name of the said defendant. The action is in malpractice. Plaintiff alleges that while she was a *paying* patient at a hospital maintained by the defendant, City of New York, she sustained injuries by reason of the negligence of the defendant Ginsberg, a physician employed at the said hospital by the defendant City of New York. The defense to which the motion is directed alleges that the action against defendant Ginsberg was not commenced within the time prescribed in section 50-d of the General Municipal Law.

It appears without dispute that the defendant Ginsberg was employed at the hospital as a medical interne at the time of the occurrence described in the complaint.

Section 50-d of the General Municipal Law reads as follows: " § 50-d. *Municipal liability for malpractice of certain physicians and dentists in public institutions.*

" Every municipal corporation, notwithstanding any inconsistent provision of law, general, special or local, shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any physician or dentist rendering medical services or dental services of any kind gratuitously to a person in a public institution maintained in whole or in part by the municipal corporation, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such physician or dentist while engaged in the rendition of such services. Every such physician or dentist, for the purpose of this section, shall be deemed an employee of the municipal corporation, so maintaining such institution, notwithstanding that the municipal corporation derived no special benefit in its corporate capacity. No action shall be maintained under this section against such municipal corporation, physician or dentist unless the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with." (L. 1937, ch. 483, eff. May 22, 1937.)

Section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) imposes a one-year Statute of Limitations with respect to an action for personal injuries resulting from the City's negligence. The action herein was commenced against the City within one year of its accrual, but the action against the defendant Ginsberg was not begun until some time later but within two years of its accrual.

Section 50-d was designed to remove sovereign immunity theretofore enjoyed by municipalities in the maintenance of public institutions, but only in a case in which the injuries are sustained by a patient at a public institution by reason of the malpractice of a physician or dentist while rendering medical or dental services gratuitously. (*Derlicka* v. *Leo*, 281 N. Y. 266.) Municipalities remain immune from liability where malpractice is committed by a physician or dentist whose services are not gratuitously rendered.

In support of the motion it is contended that since Ginsberg's services were not gratuitously rendered he is not entitled to the protection of the statute and that as to him the two-year Statute of Limitations is applicable. In pressing the motion plaintiff places herself in the anomalous position of asserting a common-law action against Ginsberg for whose malpractice the City would not be liable, and at the same time continuing her suit against the City on the theory that it is liable by virtue of the statute. So long as the action is maintained in its present form with the City retained as a defendant, plaintiff must adhere to the requirements of the statute including the one-year period of limitation applicable thereunder.

The motion is accordingly denied except as to the request for leave to correct the title. The determination is without prejudice to a renewal upon discontinuance of the action against the City.