EDITH G. GERKE, as Administratrix of the Estate of OKLEY H. GERKE, Deceased, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, November 19, 1946.

*Louis M. Brass* for plaintiff.

*John J. Bennett, Corporation Counsel* (*Frank J. Horan* of counsel), for City of New York, defendant.

SHIENTAG, J. The motion is for an examination before trial of the defendant City of New York, by persons in its employ having knowledge of the facts. The action is by an administratrix against the city, under the provisions of section 50-d of the General Municipal Law, which reads as follows: "*Municipal liability for malpractice of certain physicians and dentists in public institutions.* Every municipal corporation, notwithstanding any inconsistent provision of law, general, special or local, shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any physician or dentist rendering medical services or dental services of any kind gratuitously to a person in a public institution maintained in whole or in part by the municipal corporation, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such physician or dentist while

engaged in the rendition of such services. Every such physician or dentist, for the purpose of this section, shall be deemed an employee of the municipal corporation, so maintaining such institution, notwithstanding that the municipal corporation derived no special benefit in its corporate capacity.

" No action shall be maintained under this section against such municipal corporation, physician or dentist unless a notice of claim shall have been made and served in compliance with section fifty-e of this chapter." (As amd. by L. 1945, ch. 694.)

Section 50-d of the General Municipal Law " was designed to remove sovereign immunity theretofore enjoyed by municipalities in the maintenance of public institutions, but only in the case in which the injuries are sustained by a patient at a public institution by reason of the malpractice of a physician or dentist while rendering medical or dental services gratuitously." (*Mackrell* v. *City of New York,* 183 Misc. 1036, 1038, per STEINBRINK, J.)

The section did more than remove the sovereign immunity of the city, under the conditions mentioned; it made the city liable not only for administrative acts of physicians, but for their professional acts and conduct as well. " For the wrong done to the patient by the physician the statute creates a new remedy against the city in favor of the injured person. (*Derlicka* v. *Leo,* 281 N. Y. 266, 268.) In other words, by the very terms of the statute, liability is imposed upon the city for the malpractice of a physician or dentist in a public institution, while rendering medical or dental services gratuitously. Cases such as *Schloendorff* v. *New York Hospital* (211 N. Y. 125), *Mieryjeski* v. *Bay Ridge Sanitarium* (237 App. Div. 851) and *Weyhrauch* v. *Miller* (240 App. Div. 863) have no application to an action brought under the provisions of section 50-d of the General Municipal Law.

There being a right of action against the city under the conditions prescribed in that section, it necessarily follows that all of the incidents which normally attach to an action would apply. One of the incidents of any lawsuit is the right to examine before trial.

The question that remains is the scope of the examination before trial. While the rule in this department has been against the allowance of general examinations before trial in negligence actions, that rule has been considerably relaxed in actions for malpractice, and especially so in a situation where it is claimed that the malpractice caused death. In any event, section 292-a of the Civil Practice Act specifically provides that in actions

against a public corporation any examination before trial " granted in a negligence action shall not be limited so as to prevent or restrict the inquiry concerning the facts of negligence, liability or damages."

The examination before trial, therefore, is allowed as to items 1, 2, 3, 4, 5, 6 and 8; with respect to item 7, the words " addresses and qualifications " are deleted. With respect to all items, the words " concerning " and " as to " are deleted.

Let the examination of the defendant City of New York, by persons having knowledge of the facts, proceed at Special Term, Part II, of this court on December 2, 1946, at 11:00 A.M., at which time and place all pertinent books, papers and records shall be produced for use on the examination in the manner prescribed by section 296 of the Civil Practice Act.