CATHERINE RICHARDSON, an Infant, by EDWARD RICHARDSON, Her Guardian ad Litem, et al., Plaintiffs, *v.* EDWARD W. DENNEEN, Defendant.*

Supreme Court, Trial Term, New York County, April 16, 1947.

*Norman P. S. Schloss* for plaintiffs.

*William F. Martin* for defendant.

MILLER, J. The plaintiff did not employ the defendant to perform the operation. The operation was performed by a Doctor Lighthizer, the house surgeon, at the request of St. Vincent's Hospital. The defendant undertook to be present in the operating room, and while there to supervise the operation at the request of St. Vincent's Hospital. The latter also provided the anesthetist and attending nurses. The defendant did not employ or select the operating surgeon, or any of the nurses who were present at the time of the operation.

There was no evidence of any negligence on the part of the defendant in permitting the house surgeon to perform the operation and in permitting those present to assist; nor does the

---

* Affd. without opinion 274 App. Div. 878, decided Oct. 11, 1948.

evidence reveal any acts performed by the defendant in concert with the operating surgeon.

It was proper practice on the part of the defendant to permit the house surgeon to clean off the iodine. There is no testimony that the house surgeon was incompetent to suture the skin and remove the iodine, and it was proper practice to permit him to do so. Whether or not the operation is complete to all intents and purposes after the skin has been sutured, there was here no failure on the defendant's part to act as a reasonably careful and prudent doctor in leaving the operating room and entrusting to the house surgeon and nurses furnished by the hospital the closing of the skin of the plaintiff and the removal thereafter of the iodine from the skin.

In the circumstances here disclosed, it would be unreasonable to require the defendant to anticipate that the house surgeon or the nurses in attendance, persons deemed to be efficient by those in charge of the hospital, would or might apply to the skin, for the purpose of removing the iodine, carbolic acid, a substance known to laymen to be dangerous to the skin.

It would also be unreasonable to require the defendant to anticipate that the house surgeon or the nurse in attendance, or both of them, might make a mistake and inadvertently apply carbolic acid instead of alcohol, or any other harmless substance in removing the iodine.

The plaintiff has not sustained the burden of establishing that it was contrary to proper practice for the attending surgeon to leave the operating room while the skin is being sutured by the house surgeon. There was no negligence on the part of this defendant which was the proximate cause of the injury to the plaintiff.

Judgment is directed for the defendant dismissing the complaint on the merits.