ROSE SUTHERLAND et al., Respondents, *v.* NEW YORK POLYCLINIC MEDICAL SCHOOL AND HOSPITAL, Appellant.

First Department, December 22, 1947.

*William B. Shelton* of counsel (*John J. O'Connor,* attorney), for appellant.

*Martin J. Kelly, Jr.,* of counsel (*Clarence E. Horn, Jr.,* with him on the brief), for respondents.

PECK, P. J. Plaintiff, while a patient in defendant hospital, a charitable organization, suffered serious burns to her feet from the application of hot water bottles. She had just returned to her room after an operation under spinal anesthesia, and was being given an intravenous injection, when she complained to the attending doctor of feeling cold. At the doctor's direction a hospital nurse procured hot water bottles, and the doctor and nurse placed the bottles in plaintiff's bed adjacent to her feet. According to plaintiff's testimony, she complained to the nurse within five minutes of warmth and thereafter at five or ten-minute intervals repeatedly complained of a burning sensation, to which complaints the nurse paid no attention, until plaintiff screamed in agony and thereby attracted the attention of nurses and doctors who removed the bottles. According to the nurse's testimony, the bottles were removed on the first complaint. Plaintiff suffered a number of third degree burns on account of which she has received a substantial verdict.

The question on appeal is whether the hospital, on plaintiff's version of the facts, presumably accepted by the jury, is liable. The legal premise, from which consideration of the case must start, is that the hospital, being a charitable organization, is not liable for the negligence of a doctor or nurse acting in a medical capacity (*Schloendorff* v. *New York Hospital,* 211 N. Y. 125; *Lee* v. *Glens Falls Hospital,* 265 App. Div. 607). A hospital is liable, however, for the administrative acts of its servants (*Sheehan* v. *North Country Community Hospital,* 273 N. Y. 163) and would be liable for the act of a nurse if she were acting in an administrative capacity for the hospital rather than in a medical capacity for the patient (*Dillon* v. *Rockaway Beach Hospital,* 284 N. Y. 176). The legal basis for the distinction is that medical service, although procured by the hospital, is professional service rendered to the patient by a doctor or

nurse, and not service rendered by the hospital through the agency of the doctor or nurse. Administrative work, on the other hand, is part of the hospital service and is performed by servants of the hospital, for whose administrative acts the hospital is responsible. The question, therefore, is whether the nurse's failure to remove the hot water bottles on plaintiff's complaints was an administrative failure or medical default.

The learned trial court charged that the original placing of the hot water bottles in plaintiff's bed, pursuant to the direction of the attending physician, was a professional duty or service on the part of the nurse; consequently, defendant would not be liable for any negligence on the part of the nurse in the way she placed the bottles in plaintiff's bed or because the bottles contained excessively or dangerously hot water. The court then called attention to the testimony of defendant's director of nurses that it was the duty of a nurse to give heed to any complaints which might be received from a patient, and charged that if the jury found that the bottles were removed upon plaintiff's first complaint their verdict should be in favor of defendant, but if they found that plaintiff made repeated complaints of a burning sensation and the nurse gave no heed to such complaints until plaintiff finally screamed in pain, they might find that the nurse was guilty of negligence in the performance of an administrative act or service in behalf of defendant, in which event defendant would be liable. Liability was thus made to depend upon whether the nurse was negligent in failing to heed plaintiff's complaints, rather than upon the use of excessively hot bottles, on the theory that the use of the bottles was medical treatment but the failure to remove them on complaint was administrative rather than medical neglect. We are unable to accept the distinction.

We agree with the trial court's view that the use of the hot water bottles was a medical or professional service. That use continued until the bottles were removed and did not lose its medical quality by reason of plaintiff's complaint. As the use was medical, the default of the nurse, whether of misfeasance or nonfeasance, was likewise medical. It cannot be said that failure to discontinue medical treatment in time is an administrative failure rather than a medical failure or that the complaints of plaintiff here converted medical neglect into administrative neglect.

Plaintiff relies on *Necolayff* v. *Genesee Hospital* (270 App. Div. 648, affd. 296 N. Y. 936) where an intern and nurse insisted upon giving a blood transfusion to a patient after the patient

gave them notice that the transfusion was not meant for her. The court held that in entering the wrong room and giving a transfusion to a patient for whom it was not intended, after due notice, the intern and nurse acted not in a professional capacity but committed a trespass. The *Necolayff* case is clearly distinguishable from the instant case and, if anything, points to the absence of liability in the present case. There the transfusion from its inception could not be regarded as medical treatment, and the significance of the notice given to the intern and nurse lay in the clear indication, in advance of their undertaking, that what they were about to do was out of order.

The application of hot water bottles in the instant case cannot be regarded as a trespass, nor did it become a trespass upon plaintiff's complaints. The complaints might be considered sufficient notice to a prudent nurse that the treatment should have been discontinued. Her failure to respond to such notice, however, was a failure of professional judgment. There can be no question about that or that for her negligence in that respect the defendant hospital would not be liable. Liability could be imposed, therefore, only by holding that at the same time the nurse was acting in a separate capacity as an administrative servant of the hospital and that she had an administrative duty, over and above her professional duty, to heed plaintiff's complaints and remove the hot water bottles. Such a holding would not conform with reality. The nurse was acting as a nurse, not as a servant doing administrative work, and her failure, whether of action or inaction, was nurse failure, and under the law defendant is not liable.

The judgment should be reversed, with costs to the appellant and the complaint dismissed, with costs.

DORE, COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and the complaint dismissed, with costs. Settle order on notice.