EMELIO MARTINEZ, Plaintiff, *v.* CHARLES MODICA et al., Defendants.

Supreme Court, Special Term, New York County, May 25, 1948.

*Martin & Clearwater* for Charles Modica, defendant.

*Paul L. Corwin* for plaintiff.

Pecora, J. It appears without contradiction that the physician, who is sued here for malpractice, rendered services gratuitously at the Harlem Hospital, an institution owned and operated by the City of New York. As I read section 50-d of the General Municipal Law, the municipal corporation is ultimately liable for damages sustained as a result of the alleged malpractice of a physician in a public institution who renders his services gratuitously. It makes no difference that the hospital has billed the patient provided the physician has given gratuitous service. In *Derlicka* v. *Leo,* 281 N. Y. 266, 268–269) the court said: " The effect of any action, whether brought against the municipality or against the physician or dentist, is determined by the provisions of the statute and, by the express terms of the statute, may be maintained only if ' the applicable provisions of law pertaining to the commencement of action and filing of notice of intention to commence action against the municipal corporation shall be strictly complied with.' "

No notice of claim was made or served here in compliance with section 50-e of the General Municipal Law. Furthermore, more than sixty days have elapsed since the claim arose. The action must therefore be dismissed. (*Derlicka* v. *Leo,* 281 N. Y. 266, supra; *Schmid* v. *Werner,* 188 Misc. 718.) In the *Schmid* case (*supra*) it was held that even where notice of claim is served on the municipality, this does not obviate the necessity for service of such notice upon the physician sought to be held liable.

*Mackrell* v. *City of New York* (183 Misc. 1036) relied on by plaintiff, is not pertinent here. There the doctor was an interne and the case proceeds on the theory that the services were not gratuitously rendered by him.

Motion to dismiss is granted. Settle order.