Evidence was introduced and received without objection sufficient to present questions for determination by the jury as to whether or not a determination had been made by an attending physician that such sideboards were necessary as a protective measure, and as to whether or not a nurse associated with the defendant hospital had been directed by the doctor to see to it that the sideboards were installed. There was also evidence that the hospital authorities had been directed by the doctor to put up the sideboards, and had neglected to do so. The omissions which were alleged to have caused the injuries were such that appellant could have been held liable therefor, regardless of its status as a charitable institution (Sheehan v. North Country Community Hosp., 273 N. Y. 163; Bickford v. Peck Memorial Hosp., 266 App. Div. 875; Ranelli v. *1048 Society of New York Hosp., 295 N. Y. 850), and the exclusion of evidence as to such status did not constitute error. (Cf., also, Matter of Renouf v. New York Central R. R. Co., 254 N. Y. 349; Steinert v. Brunswick Home, 172 Misc. 787, affd. 259 App. Div. 1018, motion for leave to appeal denied, 260 App. Div. 810, 284 N. Y. 822.) Appellant did not except to the charge of the trial court, nor was any request made for a further charge with respect to questions which appellant now asserts should have been submitted to the jury .for determination; and the verdict of the jury is consistent with the evidence and with the law as charged by the trial court. (Cf, Haefeli v. Woodrich Engineering Co., 255 N. Y. 442; Buckin v. Long Island R. R, Co., 286 N. Y, 146; Leonard v. Some Owners’ Loan Corp., 297 N. Y. 103,) Present — Nolan, P. J,, Johnston, Adel, Sneed and Wenzel, JJ.