ELEANORE BAKAL, Plaintiff, *v.* UNIVERSITY HEIGHTS SANITARIUM, INC., et al., Defendants.

Supreme Court, Trial Term, Bronx County, June 21, 1950.

*Philip Smith* for plaintiff.

*James A. Treanor, Jr.,* and *Joseph J. Brophy* for University Heights Sanitarium, Inc., defendant.

*Martin & Clearwater* for Max Eisenstat, defendant.

BENVENGA, J. In this action for personal injuries, the undisputed evidence is that in October, 1947, plaintiff was a patient at the University Heights Sanitarium, a private hospital, and was operated upon by Dr. Eisenstat, a surgeon of her own choice. The purpose of the operation was to remove a fistula. The nature of the operation did not require the attendance or services of a trained nurse. In the course of the operation, while plaintiff was under anaesthesia, she sustained severe burns, caused by the application of an electric plate connected with an electrocautery knife. The plate was applied to the body of the plaintiff by a Miss Scott, an employee of the hospital. Miss Scott, though unlicensed, had received some training as a nurse. She had been instructed by someone connected with the hospital to prepare the plaintiff for the operation. This was done before Dr. Eisenstat entered the operating room.

The jury found, in answer to specific questions submitted to them, that the injuries and burns were caused by the electric

plate; that the plate was improperly applied to the body of the plaintiff by Miss Scott, and that she sustained damages in the sum of $7,000.

There being no evidence of negligence on the part of Dr. Eisenstat, the complaint is dismissed as to him (*Blackburn* v. *Baker,* 227 App. Div. 588, 590; *Richardson* v. *Denneen,* 192 Misc. 871, affd. 274 App. Div. 878, motion for leave to appeal denied, 274 App. Div. 924; see *Post* v. *Crown Heights Hosp.,* 173 Misc. 250, 255). Indeed, in answer to a question framed at the request of plaintiff's counsel, the jury found that, under the circumstances of this case, it was not necessary for Dr. Eisenstat to supervise the placing of the electric plate on the body of the plaintiff.

The remaining question is whether the defendant hospital, a private noncharitable hospital operated for profit, is liable for the negligence of Miss Scott, in improperly and negligently applying the electric plate to the body of the plaintiff. This question was left open by the Court of Appeals in *Kamps* v. *Crown Heights Hosp.* (251 App. Div. 849, affd. 277 N. Y. 602). It was subsequently decided in *Post* v. *Crown Heights Hosp.* (173 Misc. 250, *supra*). It was there held that a private noncharitable hospital is liable, under the doctrine of *respondeat superior,* for the negligence of one of its internes in giving a clysis injection to a patient after an operation. In that case, HALLINAN, J. made an exhaustive study and review of the New York cases upon the subject, and after referring to the immunity from liability on the ground of public policy of charitable hospitals and institutions, continued (pp. 257–258) : '' No such reason can be invoked to immunize this defendant for the negligence of its interne in the treatment of this plaintiff. The interne was the defendant's regular, not special employee. What he did was within the scope of his duties for the defendant, and was part of a service for which the plaintiff was paying the defendant. * * * The interne was not an independent contractor so far as the plaintiff was concerned. Whatever his remuneration, the defendant, who selected, employed, directed and supervised him, paid it. * * * It would seem that the public interest would be more fully served if the rule of immunity, heretofore applied to hospitals, ' if public or charitable,' were not extended to noncharitable private hospitals, or those operated for profit. Thereby, such institutions will safeguard the public more adequately, and in the long run the increased efficiency will tend to benefit them as well as the public.''

What was said by the court in the *Post* case (*supra*) regarding the negligence of an interne, applies with greater force to the carelessness of a nurse or other agent or employee of a private hospital. Although the precise question does not seem to have been passed upon by the appellate courts of this State, the rule of the *Post* case seems to be in accordance with the overwhelming weight of authority (41 C. J. S., Hospitals, § 8; 26 Am. Jur., Hospitals and Asylums, § 14; annotation, 124 A. L. R. 186).

The case of *Sutherland* v. *New York Polyclinic Med. School & Hosp.* (273 App. Div. 29, affd. 298 N. Y. 682) is not in point. That case involved the liability of a public or charitable hospital for the negligence of a nurse in the performance of a professional duty.

Judgment is directed in favor of the plaintiff against the defendant hospital. As for the finding of damages, I feel that it is excessive. Damages in the sum of $5,000 would amply compensate the plaintiff. Accordingly, the finding of the jury as to damages is set aside and a new trial granted as to that issue, unless within thirty days plaintiff stipulates to reduce the verdict to $5,000, in which event the verdict is so modified and judgment is directed in that amount.