ESTHER ABERSON, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Trial Term, Bronx County, April 1, 1954.

*Copal Mintz* for plaintiff.

*Adrian P. Burke, Corporation Counsel (Jerome Wunder* of counsel), for defendant.

SPECTOR, J. This is an action in negligence against a city hospital, not for the act of any physician or nurse, nor for error in diagnosis or treatment or prescription, but rather for the omission of an administrative act.

Plaintiff was injured when she fell while in the premises of a local dress shop. She was taken by ambulance to a city hospital. She was X-rayed. The attending physician told her that the X rays (wet film) showed negative for fracture and he advised her to go home and take hot baths.

The following day, upon a review of the X rays (dry film) by a roentgenologist, the same showed an impacted transcervical fracture of the left femur with a slight lateral displacement of the distal fragment, and a change of diagnosis was duly noted upon her record.

Nothing was done by the hospital's clerical and administrative staff to communicate this change of diagnosis to the plaintiff. This omission of duty is the basis of plaintiff's claim.

The family physician who treated plaintiff at home, was kept in ignorance of the true diagnosis until some two weeks later, when he received a transcript of same and he then brought her to another hospital where an orthopedic surgeon reset the femur by pinning after placing the leg in traction for two days. Subsequently the city hospital sent the plaintiff a bill for services and same was paid.

In the examination before trial of the deputy medical superintendent it was disclosed that in the usual procedure of the hospital, when it was brought to light that there was a discrepancy, the X-ray department would notify the deputy superintendent's office. The deputy would then send for the original emergency report. This contained the address and phone number of patient and notification would be sent, in minor cases either by phone or member of the police department or "if it involved the lower extremity, like a pelvis or anything like that that we deemed was of a more serious nature, than a simple thing of the upper extremities, we would send an ambulance with special instructions to bring the patient in and report to the deputy".

Plaintiff was not a " charity patient " for she did pay the bill that was submitted. Even if she had not paid, she would be obliged to pay by statute (see *Schmid* v. *Warner*, 277 App. Div. 520) if she came into property within ten years next ensuing.

The fact that this is a city hospital has no bearing.

The underlying rule has been pronounced by PECK, J., in *Sutherland* v. *New York Polyclinic Med. School & Hosp.* (273 App. Div. 29, 30, 31, affd. 298 N. Y. 682) " The legal premise, from which consideration of the case must start, is that the hospital, being a charitable organization, is not liable for the negligence of a doctor or nurse acting in a medical capacity (*Schloendorff* v. *New York Hospital,* 211 N. Y. 125 * * *. A hospital is liable, however, for the administrative acts of its servants (*Sheehan* v. *North Country Community Hospital,* 273 N. Y. 163) and would be liable for the act of a nurse if she were acting in an administrative capacity for the hospital rather

than a medical capacity for the patient (*Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176). The legal basis for the distinction is that medical service, although procured by the hospital, is professional service rendered to the patient by a doctor or nurse, and not service rendered by the hospital through the agency of the doctor or nurse. Administrative work, on the other hand, is part of the hospital service and is performed by servants of the hospital, for whose administrative acts the hospital is responsible.''

In the *Schloendorff* case (*supra*, p. 132) Judge CARDOZO said '' it is true, I think, of nurses as of physicians, that in treating a patient they are not acting as the servants of the hospital. The superintendent is a servant of the hospital; the assistant superintendent, the orderlies and other members of the administrative staff are servants of the hospital.'' Cited in said case is the case of *Hillyer* v. *Governors of St. Bartholomew's Hosp.* ([1909] 2 K. B. 820, 829), where the learned Lord Justice KENNEDY held, '' It may well be, and for my part I should, as at present advised, be prepared to hold, that the hospital authority is legally responsible to the patients for the due performance of their servants within the hospital of their purely ministerial or administrative duties, such as, for example, attendance of nurses in the wards, *the summoning of medical aid in cases of emergency,* the supply of proper food and the like.'' (Italics supplied.)

In the case at bar, the doctors had performed their duty — good or bad. A notation was made on the patient's record of a change in diagnosis. Either a clerk failed to bring this to the attention of the deputy superintendent or the deputy superintendent failed to notify the patient of the change, either by phone, police or ambulance service. This omission constituted an omission of the performance of an administrative act and the hospital is liable in damages therefor.

The patient was caused to experience great pain unnecessarily for this two-week period and probably would not have to undergo traction and would have healed much more readily if the pinning of the hip had taken place immediately. Plaintiff expended about $200 for nurses and doctor while at home during this two-week period.

Plaintiff was conducting a bakery business and seeks damages for loss of profits during this time, which I disallow as conjectural. I also disallow the amount she claims to have paid others to take her place, since even though the readings were

correct, she would have had to stay in the hospital during this time and thus have had to employ others to take her place during this period. This is an element of damage in her suit against the dress shop, if suit is advised.

The clerk may enter judgment for the plaintiff in the sum of $1,500.