■ ANGELINA CONTE, Respondent, v. HOSPITAL FOR JOINT DISEASES, Appellant.— Judgment of the Supreme Court, Queens County, entered April 28, 1967 upon a jury verdict, affirmed, with costs. Plaintiff, a paying patient at the defendant hospital, has been awarded damages for injuries allegedly incurred when a hospital employee committed an intentional tort against her. Liability of a private hospital to a patient for intentional torts is not absolute. Instead, the hospital has the duty to exercise reasonable care and diligence in safeguarding a patient from harm occasioned by employees or third persons, measured by the capacity of the patient to provide for her own safety (see *Robertson* v. *Towns Hosp.*, 178 App. Div. 285; *Stone* v. *Eisen Co.*, 219 N. Y. 205, 209; *Van Patter* v. *Towns Hosp.*, 246 N. Y. 646; *Hendrickson* v. *Hodkin*, 276 N. Y. 252; *Hogan* v. *Hospital Co.*, 63 W. Va. 84). In our opinion, the record supports a determination that the hospital was negligent, through the acts of its employees, in sending plaintiff, a nonambulatory patient, to one of its departments after hours for the department, under suspicious circumstances, and in failing, when notified that something was seriously amiss, to take any action. The record would also support a conclusion that the circumstances made a threat to plaintiff's person apparent to defendant's servants, whose negligent acts facilitated the assault. Hence, we need not determine whether a hospital would be liable for the intentional torts of its employee if it is found that he had acted outside the scope of his employment (see *McKee* v. *Sheraton-Russell*, 268 F. 2d 669), inasmuch as, under the facts herein, had the attacker been a stranger, the hospital's responsibility for the dereliction of its duty to safeguard plaintiff would have been the same. We have examined all of appellant's contentions and find them to have no merit. Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.

■ COUNTY TRUST COMPANY, Respondent, v. DAVID B. FERNANDES et al., Appellants.— Appeal as limited by appellants' brief (1) from so much of an order of the Supreme Court, Westchester County, entered April 21, 1967, as granted plaintiff's motion to strike out defendants' answer because of the failure of defendant David B. Fernandes to appear for his examination before trial, and (2) from the judgment entered April 25, 1967 pursuant to said order. Order reversed insofar as appealed from and judgment reversed, on the law and the facts, with $10 costs and disbursements, and plaintiff's motion disposed of by directing that defendant David B. Fernandes shall appear for examination before trial at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff. In our opinion, having been snowbound, without telephone service or the use of a car, is an adequate excuse for the default in failing to appear for an examination before trial and entitles defendants to a further adjournment. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.